ICHABOD H. MILLER *et al.*, for the use, etc.

*v.*

JEREMIAH BALLARD,

1. SUBSCRIPTION—*promise to pay.* Where money is promised to be paid upon a subscription, and the promise is based upon the fulfillment of certain conditions, or the attainment of certain objects set forth in the instrument subscribed to, a performance is a sufficient consideration to support an obligation to pay.

2. PERFORMANCE—*what is necessary to a recovery.* It is not necessary that the payees of the instrument themselves, should perform the work and expend the money, nor does it vitiate the promise that the performance should be delegated to a corporation. It is sufficient, that upon the faith of this subscription, the conditions of the instrument were performed.

3. MEASURE OF DAMAGES—*in an action upon a subscription.* If all the money so subscribed, was necessarily used in securing the end designed, then the recovery would be limited by the amount subscribed; but if an amount less than the whole amount subscribed was necessarily expended, the recovery would then be limited to the amount so expended, and would be divided among the subscribers, *pro rata.*

4. PAROL EVIDENCE. And in such case, in an action to recover the subscription money, it is competent to prove by parol, that an instrument executed in furtherance of the purpose for which the subscription was made, was accepted, and was satisfactory.

48—46TH ILL.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Messrs. SKINNER & MARSH, for the appellants.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Miller and others, for the use of the Adams County Agricultural and Horticultural Association, to recover the amount of Ballard's subscription to the following instrument:

"QUINCY, Dec. 24th, 1866.

We, the undersigned, hereby promise to pay I. H. Miller, J. T. Bradford, H. S. Byington and Charles N. Lee, the several amounts opposite our names, for the purpose of securing the location of the State Fair at Quincy, for the two years next ensuing."

To this instrument, various persons had subscribed various sums, and the defendant had subscribed one hundred dollars.

It appears in the record, that subsequently to the date of this paper, the Adams County Agricultural Association, for whose use this suit was brought, was incorporated, with a capital stock of $100,000, and power to buy and hold eighty acres of land; that the company organized, bought land adjoining Quincy, and expended upon it large sums of money, for the purpose of making convenient and handsome fair grounds; and that the State Fair was held there for the year 1867. It also appears, that the State Agricultural Society passed a resolution on the 17th of January, 1867, to the effect that they would hold the State fair at Quincy, for the next two years, on condition that a satisfactory bond should be executed,

and that a bond was executed, and accepted by the State Society.

It is insisted, for the appellee, and the Circuit Court so instructed in the first instruction for defendant, that in order to recover, it was necessary to show that the plaintiffs had expended money or performed services, on the faith of this subscription paper. This was error. It was wholly immaterial whether the plaintiffs themselves had performed work or expended money. If any person, whether a natural person or a corporation, had done so on the faith of this subscription, a recovery could be had in the name of the payees of the paper, to the extent of the expenditures, each subscriber being liable for his proportion. *Robertson* v. *March*, 3 Scam. 198; *Pryor* v. *Cain*, 25 Ills., 292; *Griswold* v. *Board of Trustees*, 26 ib. 41. The persons named in the subscription paper as payees, are in such cases, considered merely as a committee, or as trustees, to whom the promise is made for the benefit of any one who may act upon its faith, and a suit may be maintained in their name.

It is insisted, however, by counsel for appellee, that the Adams County Association did not expend their money on the faith of this subscription, or for the purpose of effectuating its object. These are questions of fact, which we do not propose to decide, but it is proper to say, in reference to the argument of appellee, that the circumstance that the Adams County Society expended a much larger sum than may have been necessary to secure the State Fair, and that it had become, or was designed to become, a permanent association, owning the valuable fair ground and the expensive buildings thereon, would not, of itself, prevent the recovery of these subscriptions for its use. Suppose the corporators or stockholders had, as individuals, expended fifty or a hundred thousand dollars in the purchase and improvement of this ground, with the expectation of deriving an income from it independently of the State Fair; yet if, by this expenditure, they secured the

Fair, and if, in making it, they relied on these subscriptions, the same never having been canceled or withdrawn, then they are entitled to collect them so far as their expenditures were necessary to secure the Fair for the two years. If this object was accomplished, it mattered not to the subscribers to this paper, that the persons who were willing to risk this large sum of money in the purchase and adornment of the grounds, hoped to receive returns from some other sources besides these subscriptions. The appellee subscribed this paper because he considered the location of the State Fair for two years at Quincy, of such importance to him, individually, or as a member of the community, that he was willing to give one hundred dollars to secure it. When this object has been attained, he should be willing to redeem his promise, if the persons who have secured the Fair, have done so by incurring necessary expenses in reliance upon that promise. Of course, if the Adams County Society has made expenditures, either in buildings or otherwise, which were not necessary to secure the Fair, and not designed for that purpose, for reimbursing such expenditures, they have no claim against this appellee, or the other subscribers to this paper. They can claim, and only claim, these subscriptions so far as their payment may be necessary to reimburse the expenses that were necessarily incurred to secure the Fair, and incurred in reliance upon them, and each subscriber would be liable only for his proportion.

There was also error in the thirteenth instruction given for defendant, to the effect that the jury were to disregard all evidence touching the execution and written acceptance of a bond from the County Society to the State Society. This instruction was given on the theory that the bond itself should have been produced. This would have been true if the plaintiffs had sought to prove either the contents of the bond, or its acceptance in writing. But all this was immaterial. It was only necessary for them to prove, and this was all they sought to prove, that the County Association executed an

instrument to the State Society, which the latter accepted as satisfactory, under its resolution of the 17th of January. It was immaterial what were the contents of the instrument, or whether it was accepted in writing, if the proper officers of the State Society did in fact receive it, and were satisfied with it.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*