**Jesse T. Swain et al.**, Appellants, v. **William E. Hill**, Respondent.

Kansas City Court of Appeals, April 23, 1888.

1. Contracts—Validity of Subscription — Consideration — Sufficiency of Statement—Case Adjudged.—The validity of a subscription depends upon the law of contracts, *i. e.*, it must have a payor and payee, and be based upon a consideration. The statement, in this case, not only alleges the several subscriptions, but that, upon the faith of such subscriptions, large amounts of money, work and labor were expended. In such case, there is no conflict that the consideration is ample, and the liability is not disputed by any authority.

2. ——— ——— ——— Case Adjudged.—Under the facts of this case the fact that there is no payee in the contract of subscription is not an insuperable objection. The committee appointed to take charge of the enterprise became the trustees or agents for the entire body of subscribers to carry out the object of the subscription. And even if they were not such agents at the time of the subscription, the expending of money and labor, by them, upon the enterprise, and the payment to them of other subscriptions upon the faith of it, without objection from defendants, supplies the requirement of a prior authority, and precludes them from denying the validity of its acts.

Appeal from Chariton Circuit Court, Hon. G. D. Burgess, Judge.

*Reversed and remanded.*

Statement of case by the court.

This suit was begun before a justice of the peace where plaintiffs had judgment. On appeal to the circuit court it was dismissed on motion of defendant and plaintiffs appeal.

The following is a copy of the statement filed with the justice:

"Jesse T. Swain,

"Thos. J. Martin, and

"Thos. T. Elliott,

"Suing herein for themselves and for all other persons having a common interest with them in the subject of this action,

"Plaintiffs.

"*Against*

"William E. Hill, Defendant.

"Jesse T. Swain, Thos. J. Martin, and Thos. T. Elliott say that divers other persons have a common interest with them in the subject of this action whose names by reason of their number, are for convenience omitted as plaintiffs, and that this suit is instituted by the plaintiffs for and on behalf of themselves and all other parties in interest. For cause of action plaintiffs state that on the —— day of —— 1885, at Keytesville, Chariton county, Missouri, plaintiffs and defendant and numerous other citizens of said county, being desirous of associating themselves together for the purpose of constructing an elevated road across the Muscle Fork bottom, west of said town of Keytesville, extending from the iron bridge to the bluff opposite thereto, in consideration thereof and of the great public benefit to be derived therefrom, and of their mutual promises and undertakings each to the other then and there made, and of material aid of such enterprise, proffered and to be rendered by the county court of said county, did then and there make, subscribe, and fully execute a certain agreement in writing, as follows, to-wit:

"'Agreeably to a proposition of the county court of Chariton county, at the last May (1885) term, to pay one-half the cost of a high road across Muscle Fork bottom from the iron bridge to the bluff opposite, and believing that such a road would be of great public benefit, especially to citizens living north and west of

said town, and believing, further, that the proffered
assistance of said court will render such enterprise
material aid and make the cost of it much less than by
any other scheme, therefore, each of us whose names are
subscribed hereto, promise and agree to punctually pay,
when called upon, the amount set opposite our names,
in money, as subscribed. It is understood by us that
the cost of a road five feet high and twenty feet wide,
with two trestle bridges seventy-five feet each in length,
will be between one thousand dollars and fifteen hun-
dred dollars ; and whenever six hundred dollars shall
have been subscribed the matter shall be presented to the
county court for immediate action.

|  | " ' WM. E. HILL, $50, |
| [Signed.] | " ' MARTIN & APPLEGATE, $25, |
|  | " ' THOS. T. ELLIOTT, $5.' |

" And divers others, as aforesaid, whose names and
the amounts by them subscribed, are not necessary to be
stated.

"That the said defendant, Wm. E. Hill, at the
time of executing said agreement, set opposite his name
thereto subscribed, the sum of fifty dollars, as the
amount of his subscription to said road, and induced
many others to subscribe thereto.

" That afterward, at the August term, 1885, of the
county court of Chariton county, at the special instance
and request of said defendant Wm. E. Hill, the said
county court appropriated and ordered to be paid in aid
of said road, and for the construction thereof, the sum of
five hundred dollars out of the county revenue fund
of said county, being the sum agreed to be paid by said
court as mentioned in said contract.

"That afterward, to-wit, on the ―― day of ――,
1885, said subscribers, relying upon their mutual prom-
ises and undertakings each to the other, as aforesaid,
and upon the other considerations aforesaid, selected and
appointed a committee of which said Wm. E. Hill was
a member, to survey and recommend to said subscribers
the most convenient and cheapest route for said road ;

and that said committee, by virtue of said appointment, surveyed and recommended a route for said road, and performed other services in furtherance of said enterprise, and made report thereof.

"That afterward, to-wit, on the —— day of ——, 1885, the subscribers to said contract and a majority of said subscribers, at a meeting had and held, after due notice thereof, selected and appointed the said Jesse T. Swain, Thos. J. Martin, and Thos. T. Elliott (plaintiffs herein), as a committee for and on behalf of said subscribers, to select the line of said proposed road, to locate and cause said road to be constructed, and to collect and apply for that purpose the subscriptions aforesaid. That by virtue of the order of appropriation, made by the county court, at the instance of defendant, as aforesaid, there was paid to said Swain, Martin, and Elliott, as such committee, by the treasurer of said county, the sum of five hundred dollars, so appropriated by said court in aid of said road.

"That relying on the promise and undertaking of defendant, as aforesaid, divers other parties to said agreement paid to said Swain, Martin, and Elliott, as the committee aforesaid, the amount of their several subscriptions.

"That by virtue of their appointment and authority as such committee plaintiffs for themselves and the other subscribers aforesaid, surveyed, located, constructed, and fully completed said road, and in the construction thereof, expended much time and labor, and invested all the money received by them as such committee, including the amount of their individual subscriptions.

"That the amount so collected and invested by them in the construction of said road, was and is insufficient to pay the cost and expenses of said construction.

"That relying upon the promises and undertakings of said subscribers, and particularly relying upon the subscription of said defendant, said Swain, Martin, and Elliott, as such committee, for themselves and the other

subscribers aforesaid, paid out and advanced a large sum of money in the construction of said road, over and above the amount by them collected."

The following is the motion upon which the case was dismissed: " 1.   Because the statement filed in this case by plaintiffs does not state facts sufficient to constitute a cause of action against defendant in favor of plaintiffs.

" 2.   Because the subscription paper referred to as the foundation of this action, does not show any obligation or promise on the part of defendant to pay plaintiffs, or either of them or any person for their use, anything whatever.

" 3.   Because the subscription paper referred to contains no payee, or the name of any person or corporation therein, and was without legal effect and void.

" 4.   Because said subscription paper is void on its face."

W. W. Rucker, Kinley & Wallace, and Crowley & Son, for the appellants.

I. Appellants assign as error the action of the trial court in sustaining the motion to dismiss, and to obtain a reversal of the judgment below, submit the following points and authorities.

II.   Given the facts alleged in their statement, plaintiffs were entitled to recover. The signing of a subscription to a public enterprise, the subsequent organization of the signers, the doing of work by defendant himself, as one of a committee appointed by the organization, the appointment of plaintiffs to superintend and collect, the completion of the work, the outlay of extra money by plaintiffs on account of it, and defendant's refusal to pay, make out the case. *Pitt v. Gentle*, 49 Mo. 74; *Workman v. Campbell*, 46 Mo. 305; *Corrigan v. Deutsch*, 61 Mo. 290; *James v. Clough*, 25 Mo. App. 147; *Hotel Co. v. Chouteau*, 53 Mo. 572; *Hotel Co. v. Smith*, 13 Mo. App. 7.

III.   In contracts of this sort it is immaterial whether

a payee be named in the instrument or not.   It is not even essential that there should be at the time of signing the paper any person in existence capable of enforcing it.   The rule is clearly deducible from the authorities that where, by the terms of the instrument, or from the nature of the enterprise, it appears that a present or future organization, or coöperation of all the subscribers, acting as a unit, is contemplated, that body, when organized, whether as a corporation or otherwise, becomes the legal holder, trustee, and payee of the subscriptions.   Special attention is here called to the authorities cited and approved in the case of *Hotel Co. v. Smith*, 13 Mo. App. 7.

IV.  Plaintiffs, in this case, were entitled to recover, both in right of their appointment as a committee to collect, and by reason of having laid out their own money over and above the subscriptions collected. *Underwood v. Waldron*, 12 Mich. 73; *Academy v. Allen*, 14 Mass. 172; *Bryant v. Goodnow*, 5 Pick. 228; *Hopkins v. Upshur*, 20 Texas, 89.

O. F. SMITH and A. W. MULLINS, for the respondent.

I.  The subscription paper sued on contains the name of no party to whom payment should be made, or by whom payment enforced, and no provision for appointment of a payee.   Therefore, as a contract it is not obligatory and incapable of enforcement against the defendant.   A contract is very well defined to be "a deliberate engagement between competent parties, upon a legal consideration, to do, or to abstain from doing, some act."   1 Story on Cont. [4 Ed] sec. 1 and note 1; 1 Parsons on Cont. [5 Ed.] 6 and note *a*.

II.  The subscription paper shows upon its face no sufficient or valid consideration upon which an action thereon could be sustained.   *Trustees v. Stewart*, 1 N. Y. 581; *Lathrop v. Knapp*, 27 Wis. 232; *Academy v. Davis*, 11 Mass. 114; *Academy v. Gilbert*, 2 Pick. 579.

III.  If it be the law that mutual promises, each to

the others, with respect to the subscribers to the enterprise, be sufficient consideration to make a valid contract, then, if a right to sue exist at all, there being no payee or promisee named, all the subscribers who had paid their subscriptions would have to join as plaintiffs. 1 Parsons on Cont. [5 Ed.] 13 ; *Robbins v. Ayers*, 10 Mo. 538 ; *Willis v. Gaty*, 9 Mo. 561 ; *Clark v. Cable*, 21 Mo. 223 ; *Rainey v. Smizer*, 28 Mo. 310 ; *Ryan v. Riddle*, 78 Mo. 512 ; *Dewey v. Carey*, 60 Mo. 224 ; Rev. Stat., secs. 3462, 3464, 3466. The cases cited by appellants are all distinguishable from this in their facts and properly decided upon the facts ; but none of them support the contention of the appellants.

IV. It does not affirmatively appear that either of the plaintiffs, aside from Thomas T. Elliott, who subscribed five dollars, was a subscriber to the enterprise ; but however that may be the statement upon which the suit was brought shows that if the suit could be maintained at all against the defendant, the plaintiffs alone cannot maintain it. The statement sets forth that " Jesse T. Swain, Thos. J. Martin, and Thos. T. Elliott say that divers persons have a common interest with them in the subject of this action, whose names by reason of their number, are for convenience omitted as plaintiffs, and that this suit is instituted by the plaintiffs for and on behalf of themselves and all other parties in interest." Authorities, *supra*.

ELLISON, J.—The sole question is, does the statement show a cause of action in plaintiffs ?

There is no doubt that the validity of a subscription depends upon the law of contracts, *i. e.*, it must have a payor and payee and be based on a consideration. Whether the mutual subscriptions of each subscriber are sufficient consideration for the promise of each, is a question in many cases, but is not necessary to consider here, for the reason that the statement in this case not only alleges the several subscriptions, but that upon the faith of such subscriptions large amounts of money,

work, and labor were expended. In such case there is no conflict that the consideration is ample. And "the liability is not disputed by any authority." *Underwood v. Waldron*, 12 Mich. 73, 89.

But it is urged against this action that there is no payee in the alleged contract of subscription. This we do not believe to be an insuperable objection when considered in connection with the entire statement. It appears the subscribers were mutually interested as public-spirited citizens in the enterprise contemplated, and for the purpose of carrying out the object in view, they appointed a committee, defendant being a member thereof, to survey, locate, and begin the construction of the road; that afterwards another committee, consisting of these plaintiffs, was appointed to take charge of the enterprise and construct the road. The plaintiffs, as such committee, proceeded under this appointment to locate and construct the road.

In my opinion they became the trustees or agents for the entire body of the subscribers to carry out the object of the subscriptions. The fact that they have, in instituting this suit, stated that they sue for themselves as well as the other subscribers, is of no importance and such statement may be disregarded.

All objection that plaintiffs were not the agents or trustees at the time of the subscription has been cured by matters occurring since. It may be admitted that in order to have a binding promise there should be a promisee; but here after the appointment of the plaintiffs as agents they proceeded to expend money and labor upon the road, and other subscribers, including the county court, upon the faith of the subscriptions, paid over the sums subscribed by them, and this without objection from defendant, and so, though the original promise be not binding for want of a promisee, it has become so by the action of the parties since.

The subscription remaining unrevoked, any action taken on the faith thereof by the subscribers or their agents, should, on the principle of estoppel, preclude defendant from denying the validity of their acts.

In the case of *Bryant v. Goodnow*, 5 Pick. 228, no one was named as payee in the subscription paper, but the subscribers afterwards met and appointed an agent, as in this case, who, as was done here, expended money and labor on the faith of the subscription, and it was held that an action for the money laid out and expended could be maintained to recover the amount of the subscription.

In the case of *Trustees of Farmington Academy v. Allen*, 14 Mass. 172, there was no payee mentioned, but the subscriptions were to be paid "to such persons as shall or may be by the legislature appointed trustees." Trustees being afterwards appointed and money expended on the faith of the subscriptions, an action was held maintainable. The case is decided without mention of the subscription providing for the appointment of trustees by the legislature, but rather as assuming that no one was named as payee.

So in the case of *Griswold v. Trustees of Peoria University*, 26 Ill. 41, "the subscribers agree to pay the sums set opposite our respective names," etc., not mentioning a payee, and it was held that the subscription could be collected, money and labor having been expended on the faith thereof.

Cases involving subscriptions to corporations, not yet in existence, are numerous, and it is held that if the subscriptions were not binding in the first instance, they became so, on action being taken in reliance upon them. *Hamilton v. Rice*, 7 Barb. 157; *Stanton v. Wilson*, 2 Hill, 153; *Shober's Admr's v. Lancaster Co. Park Ass'n*, 68 Pa. St. 429; *Edinboro Academy v. Robinson*, 37 Pa. St. 210; *New Lindell Hotel Co. v. Smith*, 13 Mo. App. 7.

I am satisfied a cause of action is alleged and that the motion to dismiss should have been overruled. The judgment is, therefore, reversed and the cause remanded. All concur.