[Civ. No. 486. Second Appellate District.—September 18, 1908.]

## LOS ANGELES NATIONAL BANK, a Corporation, Respondent, v. MARIE H. VANCE, Executrix of Will of SILAS A. VANCE, Deceased, Appellant.

CONTRACTS—SUBSCRIPTION TO SECURE LOCATION OF BUILDING—SEVERAL OBLIGATION.—A subscription by several persons of the sum set opposite to their respective names, in consideration of the benefits resulting to them from the location of a federal building upon property described, to be paid to the plaintiff bank as trustee for the owners of such property, upon the acceptance by the proper officers of the United States government of such location, to be paid to such owners in consideration of deeds to the United States government, does not create a joint or joint and several obligation; but the obligation of each subscriber is distinct and several for the sum opposite to his name.

ID.—EFFECT OF PAYMENTS AND FAILURE TO PAY—CONTRIBUTION—RULES INAPPLICABLE.—The rules that performance of an obligation by one of several persons jointly liable extinguishes the whole liability, and that contribution may be allowed when a party to a joint or joint and several obligation pays more than his share, have no application to a several and distinct subscription, whereupon payment by others cannot extinguish an unpaid subscription nor can a failure to pay one subscription enlarge the liability upon another, nor can any contribution be allowed in favor of any who have paid their subscriptions against those who have not paid theirs.

ID.—PROPORTIONATE REDUCTION OF LIABILITY.—Though the liability of each subscriber cannot exceed the amount subscribed, yet it may be proportionately reduced, when it appears that the whole amount subscribed was in excess of that required, and that the location of the building was secured by the expenditure of eighty-one per cent of the amount subscribed.

ID.—ENFORCEMENT OF OBLIGATION BY BANK—TRUSTEE OF EXPRESS TRUST.—The bank to which each subscription was made payable, and which became, by the terms of the subscription, the trustee of an express trust, is the only party authorized to collect an unpaid subscription, and to sue for its enforcement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Taylor & Forgy, for Appellant.

Gray, Barker & Bowen, for Respondent.

SHAW, J.—Appeal on the judgment-roll from a judgment rendered against defendant upon a stipulation of the facts, defendant's sole contention being that the facts stipulated do not support the judgment.

For the purpose of securing the location of a federal building upon certain lots of land in the city of Los Angeles, bounded by Main, Temple and New High streets, and consisting of two hundred and ninety-three feet frontage on Main street, extending through to New High street, Silas A. Vance, defendant's testator, with others, signed an agreement which, after reciting that they would be mutually benefited by the location of such building upon said lands, and that Frank P. Flint, Joseph Mesmer and A. C. Harper had undertaken to procure the conveyance of said property to the United States government free of all encumbrances, in consideration of the sum of one dollar and the construction thereon by said United States government of a federal building, and also reciting that the sum of $205,000 would be required to purchase said property, contracted as follows: "We, the undersigned, in consideration of the benefits resulting from the location of a federal building upon said property, and for value received, hereby subscribe, undertake and agree to pay, upon demand, the sum set opposite our respective names, in lawful money of the United States government, to the Los Angeles National Bank, at its banking-house in the city of Los Angeles, state of California, upon the acceptance by the proper officers of the United States government of the hereinbefore referred to offer, to be made by said Frank P. Flint, Joseph Mesmer and A. C. Harper; it being understood that when the full amount of the purchase price of all of said real property has been paid by the subscribers hereto unto said Bank, the same shall be paid on the order of Frank P. Flint, Joseph Mesmer and A. C. Harper to the owners of said real property in consideration of deeds thereto to the United States government."

The amount set opposite the name, and for which Vance subscribed the document, was the sum of $1,480. The total amount subscribed toward securing the location was in excess of that required. The amount collected from subscribers, other than said Vance, was approximately ninety per cent of each subscription, which sum, if paid by all the subscribers, left in the hands of the plaintiff, after payment of the pur-

chase price of the property and the incidental expenses connected therewith, a sum equal to nine per cent of each subscription to be refunded to the subscriber. In other words, the object stated, namely, the location of a federal building, was accomplished by the expenditure of eighty-one per cent of the amount subscribed. A claim duly verified for the full amount of the subscription was presented to the executrix of the deceased, who refused to allow all or any part thereof, but wholly disallowed the entire claim. Whereupon, plaintiff instituted this action, wherein judgment was rendered, upon the facts stipulated, for plaintiff, for the sum of ninety per cent of the subscription of $1,480, further reduced by rebate of nine per cent, representing the sum in excess of that required by the collection of ninety per cent on all the subscriptions.

Appellant contends that, inasmuch as the sum required to purchase the land had been secured by collecting from other subscribers sums in excess of their proportional part of the contribution and the location of the building thereby secured, the estate of testator was therefore absolved from liability to pay anything to plaintiff, conceding, however, that an action for contribution might lie on behalf of the subscribers who had voluntarily paid. This contention is based upon the claim made by appellant that the action is joint and several. There is no question but that "performance of an obligation, by one of several persons who are jointly liable under it, extinguishes the liability of all" (Civ. Code, sec. 1474), and it is likewise statutory law that "a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him." (Civ. Code, sec. 1432.) To apply this law, however, we must first determine that the obligation of Vance was joint or joint and several. The contract in question contained by way of recital a statement to the effect that to secure such location of a federal building would require $205,000. The contract of Vance did not depend for its validity, however, upon securing subscriptions for this or any other sum. His contract was distinct and separate, whereby, "in consideration of the benefits resulting from the location of a federal building upon said property," he obligated himself individually and alone to pay to plaintiff the sum of $1,480. No other subscriber was in any way liable for the payment of this particular sum. The sub-

scribers did not, as contended by appellant, agree to pay $205,000, but, each for himself alone, agreed to pay the amount set opposite his name, and for which no other subscriber was liable. Failure of anyone to pay could not enlarge the liability incurred by another. There can be no doubt that the contract of Vance was several. See *Landwerlen* v. *Wheeler,* 106 Ind. 523, [5 N. E. 888], where it is said: "There can be no doubt but that the contract is several where the obligation is, 'we, the undersigned, promise to pay the following subscriptions set opposite our names.' " In *Thomas* v. *Anderson,* 58 Cal. 99, the contract was: "We, the undersigned, promise and agree to pay the sum set opposite our names," and the court held that the obligations were separate and distinct. (See, also, *Moss* v. *Wilson,* 40 Cal. 159.)

While the liability of Vance could not exceed the amount of his subscription, it might be less, for if the total sum subscribed in such cases is in excess of that required, then the amount collected from each subscriber should be proportionately less. (27 Am. & Eng. Ency. of Law, p. 285; *Hodges* v. *Nalty,* 104 Wis. 464, [80 N. W. 726]; *Miller* v. *Ballard,* 46 Ill. 377.) The total sum subscribed being in excess of that required, it follows that each subscription was correspondingly reduced in amount.

Appellant next contends that, conceding the existence of the liability, it could only be enforced by other subscribers in an action for contribution. This position is likewise untenable. As we have seen, the contract being several, no other subscriber owed the duty of performing it, and the payment of the sums subscribed by the others could not be regarded as a payment of the amount subscribed by Vance (Civ. Code, sec. 1473), and hence his obligation was not extinguished, a prerequisite absolutely necessary to entitle anyone to maintain a suit for contribution. Had the subscribers agreed jointly to pay to plaintiff, for the common benefit resulting from the location of a federal building upon said property, the sum required to secure such location, and the payments made by all except Vance had equaled the required sum, then the subscribers so paying would have, to the extent of paying his *pro rata,* part, performed a duty devolving upon him for which, in case of his default, they were jointly liable and suit for contribution would lie. (*Grand Lodge* v. *Farnham,* 70 Cal. 158, [11 Pac. 592].)

By the terms of the contract plaintiff was made trustee of an express trust to collect from each subscriber the amount of his subscription and pay it over for the purpose and in accordance with the terms of the contract. There was no privity between the appellant's testator and the owners of the real estate. Under the provisions of the agreement, plaintiff was the only party authorized to make the collection. As said in *Swain* v. *Hill,* 30 Mo. App. 436, plaintiff "became a trustee or agent for the entire body of subscribers to carry out the object of the subscription." In *Miller* v. *Ballard, supra,* it is said: "The persons named in the subscription paper as payees are, in such cases, considered merely as a committee, or as trustees, to whom the promise is made for the benefit of anyone who may act upon its faith, and a suit may be maintained in their name." See, also, *Christian College* v. *Hendley,* 49 Cal. 347, where it was held: "The promise to pay being to the finance committee the plaintiff could not sue, in the absence of a proper allegation showing the right of action had passed, by operation of law, to the plaintiff." To the same effect, see *Lasar* v. *Johnson,* 125 Cal. 549, [58 Pac. 161].

Upon every principle of right and justice, as well as upon authority, the judgment should be, and is, affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 16, 1908.