STONE *v.* PRESCOTT SPECIAL SCHOOL DISTRICT.

Opinion delivered July 5, 1915.

1. CONTRACTS—IGNORANCE OF CONTENTS.—One who has an opportunity to read a contract before signing it, can not escape its obligation by saying that he signed it without having read it.

2. CONTRACTS—IGNORANCE OF CONTENTS.—Appellant can not escape the obligation of his written contract, which he could have read but did not do so, there being no allegation of any misrepresentation as to the contents of the writing which he signed.

3.  CONTRACTS—SUBSCRIPTION CONTRACT—ERECTION OF PUBLIC SCHOOL—
    ACCEPTANCE BY SCHOOL DISTRICT.—When certain citizens signed a
    subscription contract agreeing to pay a certain sum annually for
    a number of years, for the erection of a public high school building
    and when the school district accepted the offer and erected the high
    school building, all the signers of the contract became bound by its
    provisions.

Appeal from Nevada Circuit Court; *J. H. Crawford,*
Special Judge; affirmed.

*H. E. Rouse,* for appellant.

Appellant relied on representations of agents for ap-
pellee, and without reading the contract signed the same.
If, through inadvertence or fraud of the agents of appel-
lee, parts of the contract were left out, parol evidence was
admissible to show that the contract sued on was not the
contract entered into by appellant.  94 Ark. 577; 55 Ark.
115; 88 Ark. 385; 116 Ark. 545.

Relying upon the representations of appellee's
agents, appellant accepted the offer as made, and if, with-
out appellant's consent, appellee changed the conditions,
the contract was not the contract accepted by appellant.
Paragraph 2 of the answer states a defense, and the de-
murrer should have been overruled.  30 Ark. 195.

Every fair and reasonable intendment must be in-
dulged in support of the answer.  If its averments are
defective, ambiguous or incomplete, the correct method of
obtaining correction was by motion to make its allegations
more definite and certain.  If the facts stated in the an-
swer, with every reasonable inference that may be drawn
therefrom, constitute a good defense, the demurrer should
be overruled.  96 Ark. 167; 107 Ark. 445; 101 Ark. 352;
91 Ark. 400; 93 Ark. 171.

Paragraphs 7, 8, 9 and 10 of the answer collectively
stated the defense of no consideration, which is good
against demurrer.  96 Ark. *supra;* 60 Ark. 612.  On the
question of appellant's not reading the contract, see 110
Ark. 185; 82 Ark. 105-112; 160 Mass. 477, 36 N. E. 65; 96
Ark. 371-376; 109 Ark. 299.

Paragraph 3 of the answer states a failure of con-
sideration in that appellee promised to build the school

on land occupied by the City Park, and built it elsewhere, and agreed that appellant would not be required to pay tuition, where in fact he was required to pay tuition. This was a good defense. 6 Am. & Eng. Enc. of L. (2 ed.), 789; *Id.* 784; 60 Ark. 612; 34 Ark. 169; 96 Ark. 166, 167.

*C. C. Hamby,* for appellee.

Demurrer was the proper plea against the answer. By way of counterclaim or set-off appellant seeks to recover judgment in the sum of $500 as damages by reason of an alleged failure of appellee to comply with the provisions of the contract. In an action of this kind, a claim for unliquidated damages can not be pleaded as a counterclaim or set-off. Kirby's Dig., § 6104; 30 Ark. 50; 54 Ark. 187; 95 Ark. 493. Moreover, appellant asks a court of law to reform the contract by engrafting thereon certain conditions which he alleges were agreed upon at the time of signing the contract. This can not be done in a court of law. 102 Ark. 87; 108 Ark. 503.

How could these two propositions be reached except by demurrer?

Parol testimony is not admissible to vary, contradict or add to the terms of a written contract. 30 Ark. 186; 50 Ark. 393; 64 Ark. 651; 99 Ark. 224; 105 Ark. 455. See, also, 99 Ark. 289; 71 Ark. 185. There is no allegation in the answer that any one represented to appellant that the contract contained any word or condition other than it actually contained; therefore, 96 Ark. 371-376, and 109 Ark. 299 do not bear out appellant's contention.

Appellee's plea that he did not read the contract can avail him nothing when he does not allege he was overreached when he placed his signature to the instrument. 91 U. S. 50; 71 Ark. 185. Martin and Bemis, from the nature of the contract itself, represented the subscribers, and not the school district; but, if it be admitted that Bemis was a school director, his statements alone could not bind the district. 73 Ark. 194; 67 Ark. 237. Persons who deal with school officers are presumed to have knowledge of the extent of their powers. 94 Ark. 583.

Smith, J. The complaint in this case alleged that appellant was indebted to appellee in the sum of $175, evidenced by a subscription contract, a copy of which was attached as an exhibit to the complaint, and that appellee, relying on the promise of appellant to pay the amount there subscribed by him ($50 per year for a period of ten years) borrowed large sums of money and proceeded to erect and equip a high school building, which it now maintains. That appellee would not have borrowed money nor erected said high school but for the promise of appellant and others to pay the amounts subscribed by them. The contract sued upon was as follows:

"We, the undersigned, for the purpose of erecting, equipping and maintaining a high school for the city of Prescott, Arkansas, agree to pay to the board of directors of the special school district of Prescott, Arkansas, and their successors in office, the sum set opposite our names for a term of ten years, beginning January 1, 1911, said sums to be paid in equal semi-annual installments on the 1st day of January and the 1st day of July of each year for said term of ten years, provided, however, that should any subscriber hereto die or move away from Nevada County, Arkansas, then payment by such subscriber may cease.

| Name | Address | Amount |
|------|---------|--------|
| J. B. Stone. | | $50.00 |

This subscription contract was signed by 123 citizens, who, collectively, agreed to pay the total sum of $40,750.

There was an allegation that appellant had paid no part of his subscription, and that there was due thereon for the years 1911, 1912, 1913 and the first part of 1914, the sum of $175, which, after due demand, appellant had failed to pay.

Appellant answered and alleged that Will Bemis, a director of the school district, and Matt Martin, a real estate dealer in the city of Prescott, called on him on two different occasions for the purpose of inducing him to sign said agreement, and stated and represented to him that the high school building was to be built in the city

park, across the street from the Park hotel, which was owned by the appellant, and that said high school when completed, would be a free school and no tuition would be charged the patrons of the school, and that said school was to be built by popular subscription, and appellant was to pay no taxes toward its erection, or any indebtedness incurred in its construction. Appellant further alleged that the representations were known to be false at the time they were made, and were made for the purpose of inducing him to sign said subscription contract, and that he believed said representations to be true, and was induced thereby to sign the contract.

He filed an amendment to his answer in which he alleged that he did not read over the agreement, and was not aware of the recitals of the subscription contract at the time he signed it.

The answer, however, did not allege that any false representations were made to appellant as to the contents of the subscription contract. A demurrer was filed to the answer and sustained, and upon appellant declining to plead further, judgment was rendered against him for the amount sued for, and this appeal has been duly prosecuted from that judgment.

(1) We think the demurrer should have been sustained. It has been several times said by this court that one who has an opportunity to read a contract before signing it can not escape its obligations by saying that he signed it without having read it. In the case of *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349, it was claimed that a written contract for the sale of certain machines did not contain certain warranties concerning the machines which Kempner, the vendee, testified the representative of the vendor said it would contain; and he testified that he signed the contract hurriedly without having read it, but presumed it contained the warranties which the agent said would be contained in the contract. That fact was denied by the agent, who testified that Kempner had read the contract. It was there said, however, that it was unimportant whether Kempner had read the contract or not,

as he had ample opportunity to do so, and that he could not, when the contents of the writing itself were not misrepresented to him, escape the obligation of the contract by showing that he signed the contract without reading it.

(2)   So, here, appellant can not escape the obligation of his written contract which he could have read, but did not do so, there being no allegation of any misrepresentations as to the contents of the writing which he signed. *Colonial & U. S. Mortgage Co.* v. *Jeter,* 71 Ark. 185.

(3)   Moreover, this subscription contract does not purport to be an agreement between Bemis and Martin, on the one hand, and appellant, on the other. The names of neither Bemis nor Martin are mentioned in the contract. This was a contract which was signed by the public-spirited citizens of Prescott for the erection of a high school in that city, and each subscriber, in signing it, had the right to assume that its provisions applied alike to all the subscribers, and under the allegations of the complaint which the answer did not deny, this subscription offer was accepted by the school district, and the building contracted for was erected, and upon the acceptance of this offer, all of the signers to the contract became bound by its provisions. *Rogers* v. *Galloway Female College,* 64 Ark 627.

The judgment of the court below is therefore affirmed.