DAVID *v.* CHAMBERS.

Opinion delivered February 14, 1916.

SUBSCRIPTION CONTRACTS—VOLUNTARY SUBSCRIPTION—LIABILITY OF SUBSCRIBER.—Defendant, with others, signed a subscription to pay a certain sum per month to a voluntary association. *Held*, where all the signers who had paid their subscriptions joined as plaintiffs, together with the association, in an action to compel the defendant to pay the amount of his subscription, the complaint alleging that the subscriptions were made in consideration of each other, and that the association had incurred expenses upon the faith thereof, that a demurrer to the complaint was improperly sustained.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; reversed.

STATEMENT BY THE COURT.

Appellants brought suit in the justice court against appellees to collect certain amounts alleged to be due upon their contract of subscription made for the benefit of the Retail Merchants Association of Hartford. The complaint alleges that appellants with others are members of said association; that on or about the 15th day of October, 1914, defendant entered into and signed a certain contract whereby he promised and agreed to pay to the Retail Merchants Association the sum of $2.50 per month for a period of six months for the benefit of such association, and to pay such other dues as might be assessed by said association; that the plaintiffs with others promised and signed the same contract aforesaid, a copy of which was exhibited with the complaint; "the certain sums set opposite their names, that relying upon the

promise in said contract by said defendant, these plaintiffs carried out their contract of payment and incurred expenses in reliance upon said promise of said defendant, and further these plaintiffs with others, incurred liability by paying tne indebtedness of said association and other expenses incident to and in furtherance of the said association's interest and benefit."

It is alleged that the defendant W. C. Chambers failed and refused to pay the sums promised in said contract; that the sum of $6.25 is now due thereon and demand has been made upon said defendant and he still refuses to pay same, the time set for the payment of his subscription having passed. The contract of subscription reads: "We, the undersigned members of the Retail Merchants Association of Hartford, Arkansas, agree to pay the amounts set opposite our names, for a period of six months, for the benefit of the association, and such other dues as may be assessed from time to time," then follows signatures.

Upon motion, other subscribers to the contract who had not been made defendants, were made plaintiffs. A demurrer was interposed and sustained to the complaint and an appeal taken to the circuit court, where the demurrer was repropounded and sustained by the circuit court, and the plaintiffs declining to plead further the complaint was dismissed, from which judgment this appeal is prosecuted.

*R. A. Rowe,* for appellants.

1. The court erred in sustaining the demurrer. It was defective in not pointing out any defect of parties. Bliss on Code Pl. (3 ed.), par. 411; Sutherland on Pleadings, Vol. 1, par. 276.

2. It was not necessary that all the members of the association should be named; a few could sue for all. Kirby's Dig., §§ 6002-3; 104 Wisc. 464; 26 Kans. 476; 81 *Id.* 206; 35 Pa. Sup. Ct. 263; 101 Ark. 172.

3. The consideration was sufficient. Liability had been incurred and money spent. 1 Beach on Cont. 214,

par. 178; Anson on Cont. (2 ed.) 94; 27 A. & E. Enc. Law, 277; 38 Pa. Sup. Ct. 350; 17 N. H. 151; 21 *Id.* 247; 64 Ark. 627; 37 Cyc. 485-6.

*John W. Goolsby*, for appellees.

The complaint stated no cause of action. Plaintiff had no capacity to sue and there is a defect of parties as the suit is not in the names of the real parties. Voluntary associations are regarded as partnerships. 67 Atl. 855; 28 R. I. 430; 142 N. W. 1034; 75 N. E. 877; 66 Neb. 252; 109 N. W. 608; 94 Minn. 351; 22 Enc. Pl. & Pr., § 242.

KIRBY, J., (after stating the facts). It appears that suits were brought separately against several different subscribers and that they were consolidated for a hearing. The demurrer questions the capacity of the plaintiffs to sue and challenges the sufficiency of the complaint, alleging that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the defendant agreed to pay the Retail Merchants Association the amount subscribed per month for the benefit of the said association, and such other dues as might be assessed by said association; and that the plaintiffs, with others, signed and promised, in the same contract, certain sums set opposite their names, and that relying upon the promises made in the contract by the defendant, the plaintiffs carried out their contract for payment and incurred expenses in reliance upon said promise, and with others incurred liability in paying the expenses of the association and other expenses incident to and in furtherance of said association's interest and benefit.

It appears well established that voluntary subscriptions, when considered alone and unsupported by any other element, are unenforceable, being merely a gratuitous promise to furnish a sum of money for designated purposes. 1 Elliott on Contracts, sections 227, 228. The same writer at section 229, says: Voluntary subscriptions are upheld on the ground that one gratuitous subscription is the consideration for another. "In

many cases, it is stated, that when several agree to contribute to a common object, which they wish to accomplish, the promise of each is a good consideration for the promise of the others." The writer then says, this is too broad a statement of the rule, and concludes "unless the promises are given in consideration of each other they do not constitute a contract." See also 1 Parsons on Contracts, 489-493; *Miller* v. *Ballard,* 46 Ill. 377.

The complaint sufficiently alleges that the subscriptions were voluntarily made at the same time and given in consideration of each other. The allegations are, further, that plaintiffs, who were members of the voluntary association, for the benefit of which the subscriptions were all made, had relied upon the faith thereof and made expenditures for the association and incurred liability by paying its debts in reliance thereupon, and sufficiently stated a cause of action.

Since all the signers who had paid their subscriptions were made parties plaintiff, and also brought the action for the Retail Merchants Association, for the benefit of which the subscriptions were made, the action could be maintained. The defendant could not again be compelled to pay the subscription at the suit of any one else and can not complain that he is required to do so at the suit of the voluntary organization, for whose benefit the subscription was made and of the other subscribers who had paid their subscriptions and incurred liability for the association in reliance upon the subscription and contract of the defendant to pay in consideration of the promises made by them.

The court erred in sustaining the demurrer and its judgment is reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings according to law.

McCulloch, C. J., (dissenting). I raise no question as to the correctness of the principles of law announced in the opinion, but I think they are not applicable in this

case. There is no intimation in the complaint, to say nothing of a direct allegation, that the Retail Merchants Association is a body corporate and capable of contracting or of suing and being sued, so the cause of action of appellants is not aided by the allegation that the suit is maintained for the benefit of that association.

There is no allegation at all concerning the identity of said association. It is not shown who compose the association or whether it is a copartnership or a corporation. The only allegations of the complaint bearing on the identity of the association are that the plaintiffs "with others, are members of the Retail Merchants Association of Hartford, Arkansas," and that the defendants "entered into and signed a certain contract whereby they promised to pay to the Retail Merchants Association" a sum mentioned "for the benefit of said association." Those allegations are not sufficient to show authority of appellants to sue for the benefit of the association, whatever its nature may be.

The only allegation in the complaint tending to show interest of appellants in the subject-matter of the contract is that "relying on the promise in said contract by said defendants, these plaintiffs carried out their contract of payment and incurred expenses in reliance upon said promise of said defendants, and further, these plaintiffs with others, incurred liability by paying the indebtedness of said association and other expenses incident to and in furtherance of said association's interest and benefit." What expense, it may well be asked, did appellants incur in reliance on the promises of appellee, and what did they do in performance of said contract? What will they do with the funds they seek to recover from appellee? What sums of money, if any, have they paid out in reliance on the promises of appellee? The complaint is entirely silent as to those important matters.

It seems to me, therefore, that appellants stated no cause of action in their complaint, and that the trial court properly sustained the demurrer.

WOOD, J., concurs.