## WELLS v. COSTELLO.

4-3434

Opinion delivered April 23, 1934.

*Harper E. Harb,* for appellants.
*John L. Sullivan,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Pulaski County, Second Division, upon a subscription contract filed as a claim in the probate court of said county against the estate of Ed Monahan, Jr., deceased, and allowed, from which allowance an appeal was duly prosecuted.

The subscription contract is as follows:

"Date, Nov. 18th, '31.

"Name, Ed Monahan, Sr.

"Address, 412 W. Markham.

"I promise to contribute for the erection of the memorial organ at St. Andrew's Cathedral the sum of $250, to be paid in annual installments of $50.

"It is understood that this donation is to be exclusive of my regular contribution for the support of my church.

"The Monahan Family

"(Signed) Ed Monahan, Jr.

"Witness: Thomas A. Costello.

"In memory of Ed Monahan, Sr."

The defenses interposed to the allowance of the claim were: First, that the contract on its face was for a gift, and that oral evidence was inadmissible to show that it was a subscription contract for a consideration; and, second, that Father Costello was not the proper person to make the affidavit to the claim.

(1) The contract, upon its face, shows that it was a contribution toward the erection of an organ at St. Andrew's Cathedral, and not a promise to give an organ. The mutual undertaking of the several contributors furnished the consideration for the contract and rendered it binding upon the estate of Ed Monahan, Jr. *Stone* v. *Prescott Special School District,* 119 Ark. 553, 178 S. W. 399; *David* v. *Chambers,* 123 Ark. 293, 185 S. W. 443; *Byington* v. *Little Rock Chamber of Commerce,* 132 Ark. 361, 201 S. W. 122. It appears by the undisputed testimony that St. Andrew's Cathedral accepted the subscription contract and erected the organ before the claim was filed.

(2) According to the undisputed evidence, Father Costello was duly appointed and authorized to take and collect subscriptions for the purpose of erecting an organ at St. Andrew's Cathedral, so he was the proper party to make the affidavit in proof of the claim filed with the probate court. It is provided by statute that the justice of the claim against an estate may be made by the claimant, an agent, attorney, or other person. In the presentation of the claim, §§ 100 and 101 of Crawford & Moses' Digest were fully complied with.

No error appearing, the judgment is affirmed.