DODSON v. ABERCROMBIE.

4-8433                                              208 S. W. 2d 433

Opinion delivered February 16, 1948.

*Kenneth C. Coffelt,* for appellant.

*McDaniel & Crow,* for appellee.

MINOR W. MILLWEE, Justice. H. L. Abercrombie was plaintiff in the chancery court in a suit to enjoin the defendant, Ed. Dodson, from taking sand and gravel from certain lands.

Plaintiff alleged in his complaint that he was the owner of the sand and gravel, having reserved same in a deed which he executed to Mike Richards in October, 1944; that defendant had entered upon the lands and was taking sand and gravel therefrom without the consent of plaintiff; and that defendant is insolvent and plaintiff had no adequate remedy at law.

Mike Richards filed an intervention in the suit alleging that at the time plaintiff executed the deed to him it had been specifically agreed by the parties that Richards would acquire title to the lands in fee simple, free from any reservation, and that upon acquiring said title, he would convey the sand and gravel to defendant for a valuable consideration which had already been paid to plaintiff and intervener; that intervener had no knowledge of the reservation contained in the deed until shortly before the suit was filed; that failure of plaintiff to deed the lands in fee simple as agreed constituted a breach of

contract and entitled intervener to damages and reformation of the deed to conform to the agreement of the parties.

Defendant, Ed Dodson, filed an answer containing the following allegations: "He admits and adopts the allegations set forth in the intervention of the intervener, Mike Richards. For his answer to the complaint of the plaintiff, he denies each and every material allegation of plaintiff, and he alleges that as to the gravel in, on and under the lands described in the complaint, he is the absolute owner of same by reason of a contract of agreement between the plaintiff, H. L. Abercrombie and the intervener, Mike Richards, wherein for a valuable consideration they agreed to convey to him said gravel; that up until the filing of this intervention he has used said gravel according to said agreement and should be permitted to continue to do so; that the plaintiff and the intervener should be required by mandatory injunction on the order of this Court to execute to him by proper legal instrument title to all of the gravel in, on and under said lands described in the complaint."

The plaintiff filed a demurrer to the intervention of Richards and a separate motion to strike that part of the answer of Dodson above quoted. The trial court evidently treated the motion to strike as a demurrer which was sustained to both the answer and intervention, with leave to amend within 10 days. Whereupon a joint amendment to the answer and intervention was filed by the defendant and intervener containing the following allegations:

"They, and each of them, reaffirm each allegation set forth in their answer and intervention. They, and each of them, state that the title in the deed referred to in the pleadings herein, wherein the title to the gravel as described in the pleadings, was retained in said deed by reason of mutual mistake and misunderstanding between the parties plaintiff, defendant, and intervener, and by reason of fraud practiced upon the defendant and intervener by the plaintiff. The fraud practiced by the plaintiff upon defendant and intervener consists in the

plaintiff intentionally causing the retention clause of the gravel to be placed in the deed and later not advising the intervener and defendant that such retention clause had been placed therein, after the plaintiff had agreed absolutely and reaffirmed such agreement several times with the parties defendant and intervener that there would be a conveyance of the gravel along with the land and that no retaining clause to any title to any gravel on the land would be retained in the plaintiff; that the parties defendant and intervener relied upon such representations made to them, and each of them, by the plaintiff. The parties defendant and intervener allege, that when and after the deed was prepared they relied upon plaintiff to have said deed prepared according to his agreement with them.''

The demurrer of plaintiff to the answer and intervention, as amended, was sustained by the trial court. While the record recites that the ''cause of action'' was ordered dismissed when the defendant and intervener declined to plead further, this is apparently the result of a clerical error in drafting the order of the court. None of the parties has raised the issue here and, since the court proceeded to enjoin the defendant according to the prayer of the complaint, we will assume that the answer and intervention were dismissed instead of the cause of action. The defendant and intervener have appealed and the question for consideration is whether the allegations of the answer and intervention, as amended, are sufficient to constitute a defense to the complaint of the plaintiff.

It is well settled that in testing the sufficiency of a pleading by general demurrer every reasonable intendment should be indulged to support it. If the facts stated in the pleadings, together with every reasonable inference therefrom constitute a cause of action, or a valid defense, then a demurrer should be overruled. *Ark. Life Ins. Co.* v. *Am. Nat. Ins. Co.,* 110 Ark. 130, 161 S. W. 136; *Neal* v. *Parker,* 200 Ark. 10, 139 S. W. 2d 41.

To support the action of the chancellor in sustaining the demurrer to the answer and intervention, plaintiff

invokes the rule repeatedly recognized by this court to the effect that one who signs a contract, after opportunity to examine it, cannot be heard to say that he did not know what it contained. *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349, 105 S. W. 880; *Pittsburgh Steel Co.* v. *Wood,* 109 Ark. 537, 160 S. W. 519; *Stone* v. *Special School Dist.,* 119 Ark. 553, 178 S. W. 399. In these cases there was no evidence tending to show that the signature of one of the parties to the contract was procured through fraud, or inequitable conduct, upon the part of the other party to the contract. Such cases are to be distinguished from a case where the fraud or inequitable conduct of one of the parties causes the other party to sign the contract under a mistake of fact, without reading the contract. *Galloway* v. *Russ,* 175 Ark. 659, 300 S. W. 390.

In *Massachusetts Mutual Life Ins. Co.* v. *Brun,* 187 Ark. 790, 62 S. W. 2d 961, it is said: "There is a well-recognized exception to the rule that a party is bound to know the contents of a paper which he signs; and that is where one party procures another to sign a writing by fraudulently representing that it contains the stipulation agreed upon, when, in fact, it does not, and where the party signing relies on the faith of these representations, and is thereby induced to omit the reading of the writing which he signs. It is well settled that a written contract which one party induced another to execute by false representations as to its contents is not enforceable, and the party so defrauded is not precluded from contesting the validity of the contract by the fact that he failed to read it before attaching his signature. *Tanton* v. *Martin,* 80 Kan. 22, 101 Pac. 461; *Willey* v. *Clements,* 146 Cal. 91, 79 Pac. 850." The same rule is applicable where a written instrument is accepted otherwise than by signing it. 12 Am. Jur., Contracts, § 137.

In *Nicholson* v. *Hayes,* 166 Ark. 112, 265 S. W. 640, the court said: "The rule in this State is that, to justify a reformation of a written instrument, there must have been a mutual mistake, or a mistake on the part of one party coupled with fraud on the part of the other, and that, if parol evidence is relied upon to establish the

ground of reformation, it must be clear, unequivocal and decisive. *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139, and *Cain* v. *Collier,* 135 Ark. 293, 205 S. W. 651.''

We agree with plaintiff's contention that the allegations of the answer and intervention are insufficient to support reformation of the deed on the ground of mutual mistake inasmuch as it is alleged that the plaintiff intentionally had the reservation placed in the deed to Richards. Under the liberal construction which we are required to give pleadings, however, we are of the opinion that the intervention and answer stated facts sufficient to constitute a cause of action for reformation of the deed on the ground of fraud or inequitable conduct of plaintiff coupled with a mistake on the part of the intervener. If the deed was tendered to and accepted by intervener without any misrepresentation of its contents by the plaintiff, there would be no ground for reformation. If, however, a failure of intervener to read the deed was induced by the fraudulent representations of the plaintiff and the deed was accepted under a mistake arising from circumstances amounting to fraud or inequitable conduct on the part of plaintiff, then a cause of action for reformation would lie. While the allegation of the answer and intervention charging fraud on the part of plaintiff may not be aptly stated, it is sufficient to constitute a defense when every reasonable intendment is indulged to support it.

It follows that the trial court erred in sustaining the demurrer to the answer and intervention. The decree is accordingly reversed and the cause remanded with directions to overrule the demurrer, and for such further proceedings as may be necessary.