DODSON *v.* ABERCROMBIE.

4-9146                                     228 S. W. 2d 990

Opinion delivered April 17, 1950.

*Kenneth C. Coffelt* and *P. E. Dobbs,* for appellant.

*McDaniel, Crow & Rolleigh,* for appellee.

GRIFFIN SMITH, Chief Justice.    The litigation stems from our remand in Case No. 8433—*Dodson* v. *Abercrombie,* 212 Ark. 918, 208 S. W. 2d 433.    There Abercrombie as petitioner sought to enjoin Dodson from taking sand and gravel from lands shown by the record to be in Sections 9 and 16.    Mike Richards intervened.    Dodson answered by admitting and adopting allegations contained in the intervention.    After preliminary pleadings had been disposed of Richards and · Dodson joined in an amendment that in effect admitted Abercrombie bought the land from W. T. Fagan, sold it to Richards, and in the deed to Richards reserved, *prima facie,* title to the sand and gravel.    But, according to the defensive pleadings, this was not intended by any of the parties, hence the deed should be reformed because of a mutual mistake, or for fraud.    In reversing the decree sustaining Abercrombie's demurrer to the answer and intervention as amended, it was held that if the deed was accepted by

Richards without misrepresentations by the plaintiff, there would be no ground for reformation, but if Richards' failure to read the document was induced by fraudulent representations by Abercrombie, resulting in its acceptance in circumstances amounting to fraud or inequitable conduct, then a cause of action would lie.

These were the issues that had been joined when the cause went back to Saline Chancery Court. Of the resulting decree appellant says: "The Court rendered a judgment *in that case* restraining Dodson from removing sand and gravel from land owned by Abercrombie, [but] in the judgment certain lands belonging to Dodson were erroneously included".

It is conceded that Dodson had been taking sand and gravel from Abercrombie's property in Section 16, but Dodson's present insistence is that while engaged in similar operations on his own land in Section 9 he was cited for contempt for violating the injunctive order. The complaint recites that "In a cause of action heretofore determined [by the Saline Chancery Court in case No. 3417] wherein H. L. Abercrombie was the plaintiff and Ed Dodson was defendant, a judgment which has become final [through lapse of the term and expiration of the time for appeal] quieted title in Abercrombie to the lands described in Section 9". There is then the statement that "the purpose of this suit is to make the above-described lands the issue in this cause of action". Dodson, according to the complaint, owned 39 acres of a total of 50.2 acres embraced within the described area, "and Abercrombie, by reason of the previous decree, is owner of 11.2". Allegations of mutual mistake and fraud are repeated.

Neither the decree nor the record in Case No. 3417 is brought into the record in this appeal. A great deal of testimony in the case resulting in this appeal goes to the question of intent, mistake, and related matters. Abercrombie did not testify, but his pleadings assert ownership of the disputed right to take the sand and gravel.

Since the record in Case No. 3417 is not before us, we must presume that the Chancellor compared the testimony in this case with his decree and the record in the former suit. The complaint was dismissed for want of equity.

This is not a case where the appellant, through oversight, failed to complete the record. In a pleading entitled "Objections to the Bill of Exceptions" counsel for appellee complained that the "files, records, and decree" pertaining to the former suit were not in the transcript, "although the plaintiff specifically asked in his complaint that the Court take cognizance of them".

Affirmed.