BERRY, Adm'x, et al. vs. HARDIN et al.

CIRCUIT COURTS: *As chancery courts, cannot issue writs of* certiorari.
  The circuit courts, sitting as courts of chancery, have no power to award writs of *certiorari* to bring up the proceedings of county courts and quash them.

PRACTICE: *Mistake in kind of proceedings, how corrected.*
  Under the code of practice, if a party commit an error in the kind of proceedings adopted, he may change and have the same transferred to the proper docket, either before answer filed, without motion, or after, on motion; but the court is not bound to make the transfer unless asked to do so by the party desiring it.

APPEAL from *Crittenden* Circuit Court.
Hon. M. L. STEPHENSON, Circuit Judge.
*Lyles & Brown*, for appellants.
*Adams & Dixon*, for appellees.

COMPTON, Sp. J.   In this case the appellants brought their

complaint in equity to restrain the collection of a tax alleged to have been illegally levied by the county court of Critten-den county, for the building of a court house and jail; and also to have the proceedings of the county court touching the levy of said tax, brought up by writ of *certiorari* and quashed. On demurrer, the complaint was dismissed for want of equity, and the complainants appealed.

The circuit court, sitting as a court of chancery, had no power to award a writ of *certiorari* to bring up the proceedings of the county court and quash them, if found to be void; this could have been done in the exercise of its common law powers only. It is insisted, however for the appellants, that, conceding this to be so, the complaint should not have been dismissed; but that, under the code, the pleading should have been amended, and the cause transferred to the law side of the court. The transcript fails to show that the complainants in the court below made any effort to have the proceedings transferred; and, for this reason, they cannot now complain of the dismissal. This question arose in *Phelps & Jones v. Jackson*, 27 Ark., 585, where, after referring to the rule of practice prior to the adoption of the code, this court said: "The code, however, has changed this practice, and allows a plaintiff who has committed an error as to the kind of proceedings adopted, to change them and transfer the action to the proper docket; but this change and transfer must be done by the plaintiff. If the error is discovered before answer is filed, it may be done without motion; if afterward, on motion in court. * * It is within the province of the court to make the transfer, but it is not bound to exercise this discretion, unless asked to do so by the party desiring it. When the bill has been examined and judgment pronounced of "no equity in it," unless the party complaining makes some effort to have the proceedings changed to the proper forum, it is the duty of the chancellor to dismiss the bill."

The complaint alleges the illegality of the tax upon several distinct grounds, set forth at length; but nowhere alleges facts necessary to bring the matter within any acknowledged head of equity jurisdiction; consequently, this case falls within the rule laid down in *Clayton v. Lafarque*, 23 Ark., 137, and in *Floyd v. Gilbreath*, 27 id., 676; and the complaint was properly dismissed.

Holding that the court below had no jurisdiction, it is not deemed necessary to enter into a discussion of the several propositions relied on by the appellants to show the illegality of the tax in question. It may not be improper, however, *to* say, for the benefit of the parties litigant, that if the proceeding had been on the law side of the court by *certiorari*, it could not, in our opinion, have been maintained on the grounds alleged in the complaint.

The decree is in all things affirmed, with costs.

STEPHENSON, J., being disqualified, did not sit in this case.