## HALL *v.* HUFF.

### Opinion delivered June 22, 1914.

1. EQUITY—JURISDICTION FOR ALL PURPOSES.—Where the chancery court assumes jurisdiction of a cause for any purpose, it is proper for it to proceed to determine all the rights of the parties in the subject-matter of the controversy.

2. ATTORNEY'S FEES—COMPROMISE—CONSENT OF ATTORNEY.—Kirby's Digest, § 4457, does not give an attorney a right of action for his fee against his client's adversary, when the litigants have compromised the cause with said attorney's consent.

3. ATTORNEY'S FEES—AGREEMENT—COLLUSIVE DECREE—COMPROMISE.—B. agreed with his attorney, H., to transfer to H. one-third of whatever was recovered in certain litigation. A collusive decree was entered in favor of B. for a life estate in certain lands, the matter having already been compromised by plaintiff and defendant, before the rendition of the decree, and H., having consented to the compromise, can not proceed against B.'s adversary to collect his fee, but must look to B. for the same.

4. ATTORNEY'S FEES—BASIS OF RECOVERY.—The measure of the recovery by an attorney of his fees is not a speculative or contingent fee, but one that is reasonable, considering the importance of the litigation, the benefit secured by it, the amount and character of the attorney's services, and his learning, skill and proficiency.

Appeal from Garland Chancery Court; *S. W. Leslie,* Special Chancellor; reversed.

*Davies & Ledgerwood* and *Scott Wood,* for appellant.

1. One who comes into a court of equity must do so with clean hands. An administrator can not purchase at his own sale. 27 Ark. 637; 55 *Id.* 85; 33 *Id.* 575; 34 *Id.* 63; 46 *Id.* 451; 58 *Id.* 84.

2. An administrator and his attorney can not buy claims against the estate. 40 Ark. 393.

3. His hands must be clean. He is a trustee. 7 Ark. 516-19; 33 *Id.* 294; 53 *Id.* 150; 47 *Id.* 311.

*James E. Hogue,* for appellee.

McCULLOCH, C. J. This is an action instituted by the plaintiff, C. Floyd Huff, against the defendant, J. H. Hall, to recover possession of an undivided one-third of a certain tract or lot of real estate in the city of Hot Springs, described as lot 1, of block 60, of the city of Hot

Springs, as platted by the United States Hot Springs Commission, and also to recover one-third of the rents and profits of said property.

Defendant demurred to the complaint, but it does not appear that the court ever ruled on the demurrer, and the defendant filed an answer, and also a cross-complaint, in which he asked that his title to the lot described in the complaint be quieted and that the instrument under which plaintiff claims an interest in the property be cancelled as a cloud on his title.

(1) Conceding that the allegations of the complaint were not sufficient to give the chancery court jurisdiction, the allegations of the cross-complaint were sufficient for that purpose, and the court having assumed jurisdiction for any purpose, it correctly proceeded to determine all the rights of the parties in the subject-matter of the controversy.

Plaintiff claims an undivided interest in the property for and during the life of one B. F. Cooley, and bases that claim upon a contract or a deed executed to him by Cooley. The property was owned by one Bina Cooley, a colored woman, who died in the city of Hot Springs in the year 1907, leaving no children surviving, and the title descended to her collateral heirs.

Defendant, J. H. Hall, acquired title by purchase from those heirs.

B. F. Cooley was formerly the husband of Bina Cooley, but the evidence shows that several years before her death, they were divorced by a decree of the chancery court of Garland County.

Bina Cooley left a considerable estate, composed of real estate in the city of Hot Springs, and at the request of B. F. Cooley, the plaintiff became the administrator of the estate of said decedent and took possession of all the real estate and received the rents and profits.

Defendant purchased the interest of the heirs of Bina Cooley in and to the lot involved in this controversy, and commenced, in the chancery court of Garland County, an action against B. F. Cooley to cancel the latter's as-

serted claim to a life estate by reason of being the surviving husband of Bina Cooley.

B. F. Cooley employed plaintiff, Huff, as an attorney, to represent him in that case, and in any other proceedings which might be instituted "to recover any share or part of the estate of said Bina Cooley, deceased," and executed to said plaintiff a contract or deed, whereby he conveyed to him an undivided one-third interest "in any and all property, of whatsoever kind or character, whether real, personal or mixed, that may be recovered for me from the estate of said Bina Cooley." In the instrument executed by Cooley, plaintiff, Huff, was expressly authorized to bring suits and other legal proceedings in connection with said estate, "to sue for and recover such property or to defend any suits in reference to the same, and to collect, receive, recover and receipt for any such property in or out of court as in his judgment may be necessary to settle said estate," and that "upon the recovery of any such property, I will promptly make him proper conveyance for one-third interest in accordance with this agreement."

Plaintiff appeared for B. F. Cooley in the action brought against the latter by defendant, Hall, and asserted the claim of Cooley for a life interest in the property as surviving husband of Bina Cooley. While that cause was pending, a compromise was negotiated between the parties, the same being conducted by plaintiff, Huff, for his client, whereby it was agreed that Cooley should convey to defendant, Hall, his life estate in the lot involved in this controversy, but that said cause should proceed to final decree. Pursuant to that agreement, plaintiff, Huff, prepared, and his client executed, a deed, with full covenants of warranty, to defendant, Hall, whereby he conveyed the life estate of B. F. Cooley in the property in controversy. That deed was executed on August 29, 1908. The litigation, notwithstanding the conveyance, proceeded to a final decree, which was rendered on October 6, 1908, whereby Cooley's life estate as tenant by the curtesy was declared. Plaintiff testified that the

purpose of his client in entering into this compromise and conveying his interest in this lot to defendant, Hall, was to induce the latter to ''lay down'' on the suit and permit a final decree to go so as to establish Cooley's right to other property left by his former wife. Defendant, Hall, denied this, but stated that he was advised by his attorney that it would be better to let the suit proceed to final decree, notwithstanding the compromise.

The testimony of defendant shows that there had been a decree for divorce of Bina Cooley from B. F. Cooley, rendered by the Garland Chancery Court several years prior to Bina Cooley's death; that the decree was omitted from the record, but that subsequent to the commencement of the litigation just described the decree was entered *nunc pro tunc.* This does not appear to have been denied, and it establishes the fact that B. F. Cooley was not entitled to a life estate in the property of Bina Cooley, and the court should not have so decreed if defendant had properly brought out the merits of that controversy. That, however, is not a matter that is material to the present suit, for this is not an effort to set aside the decree in the former litigation between B. F. Cooley and the defendant, Hall.

There is a serious conflict in the testimony, which we do not deem it necessary to attempt to reconcile, for our conclusion is that, even upon the plaintiff's own statement of the facts, he is not entitled to recover anything, or to assert a lien against the property in the hands of defendant, Hall. The instrument executed to him by Cooley—call it either a contract or a deed of conveyance —does not purport to convey any particular property, but only an undivided third interest in whatever might be recovered in any litigation concerning the property belonging to the estate of Bina Cooley. The instrument amounts only to a sale and transfer, according to the terms of the statute then in force (Kirby's Digest, § 4457), of the causes of action of said B. F. Cooley in and to the property belonging to the estate of said decedent. Plaintiff, therefore, under that instrument, was only en-

titled to one-third of whatever might be recovered. Now, there was a decree in favor of Cooley whereby he recovered a life estate in this lot, but, according to the testimony of the plaintiff himself, that decree was collusive and the subject-matter thereof was settled by compromise between the parties long before the rendition thereof. According to plaintiff's own testimony, that suit was prosecuted to a final decree for ulterior purposes. So the recovery under that litigation was not the lot itself, but the consideration which passed from defendant, Hall, to Cooley, and since the plaintiff consented to the compromise he must, for obvious reasons, look to his client, and not to his client's adversary, for his part of the recovery. The statute provides that "in case the plaintiff and defendant compromise any suit  *  *  *  where the fees or any part thereof to be paid to the attorney for plaintiff or defendant are contingent, the attorney for the party plaintiff or defendant receiving a consideration for said compromise, shall have a right of action against both plaintiff and defendant for a reasonable fee, to be fixed by the court or jury trying the case." Kirby's Digest, § 4457.

(2)   This statute, of course, is not intended to give a right of action where the cause of action is compromised with the consent of the attorney; and it is undisputed in this case that plaintiff, Huff, not only consented to it, but that he actually negotiated the settlement for his client and prepared the deed.

(3-4)   Moreover, the statute does not, in case of compromise without consent of the attorney, give a right of action to recover the contingent fee stipulated for in the contract. The measure of recovery in such case is "not a speculative or contingent fee, but one that is reasonable, considering the importance of the litigation, the benefit secured by it, the amount and character of the attorney's services, and his learning, skill and proficiency." *Rachels* v. *Doniphan Lumber Co.*, 98 Ark. 529.

There is considerable testimony in this case, and, as before stated, it is of a conflicting nature. Defendant,

Hall, was, according to the testimony, interested in the property with his father, W. H. Hall, or, perhaps, the testimony establishes the fact that the title was merely taken in the name of defendant, Hall, for his father's use. That is immaterial in this case. Other property of the estate of Bina Cooley was purchased by W. H. Hall, and there was a controversy between the parties as to other transactions and rights alleged to have grown out of them concerning the purchase of the other property by W. H. Hall.

Plaintiff's contract with, or conveyance from, B. F. Cooley, was not filed for record until after Cooley executed the conveyance to defendant, Hall, and there is a controversy whether either of the Halls had information as to this contract. We deem it immaterial whether they knew it or not, for it is not claimed that there was any express contract that either of the Halls should pay the plaintiff any fee for his services in representing Cooley.

We held in the case of *Kansas City, F. S. & M. Rd. Co.* v. *Joslin,* 74 Ark. 551, that actual notice of the existence of a contract with plaintiff's attorney was sufficient to render the defendant liable for a reasonable fee, even though the contract was not filed; but, as we have already said, plaintiff was only entitled to one-third of the recovery in the original action, which was the amount received in the compromise, and this is so even though defendant had actual knowledge of the existence of the contract. Where the case was compromised, his only remedy was that of recovering a "reasonable fee," according to the terms of the statute, and this even he is precluded from recovering by his participation in the compromise and his consent thereto.

The decree is, therefore, reversed, and the cause remanded with directions to dismiss the complaint for want of equity.