### VAUGHAN v. HILL.

#### Opinion delivered July 10, 1922.

1. APPEAL AND ERROR—ORDER TRANSFERRING CAUSE.—An order transferring a cause from the chancery to the circuit court is not final or appealable.

2. ATTORNEY AND CLIENT—LIEN ON JUDGMENT RECOVERED.—An attorney has a statutory lien on his client's cause of action for the percentage of the amount recovered which his contract with his client entitles him to receive.

3. ATTORNEY AND CLIENT—LIEN ON RECOVERY.—Parties are entitled to make a settlement, but must consider the fact that the attorney has a statutory lien on the cause of action.

4. ATTORNEY AND CLIENT—LIEN—JURISDICTION.—The lien in favor of an attorney on a judgment recovered by him in the circuit court may be enforced in that court, under the statute; but the remedy given by statute is cumulative to his rights to enforce his lien in equity.

5. EQUITY—JURISDICTION.—Where a case within the jurisdiction of equity is brought within that court, the control of that court over the case continues until the matter is disposed of in the appellate court.

6. APPEAL AND ERROR—TRIAL OF CHANCERY CAUSES.—Appeals from chancery courts are tried *de novo*, and the appellate court will

reverse a decree therefrom where the findings of fact are against the clear preponderance of the evidence.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark*, Judge; reversed.

STATEMENT OF FACTS.

Emmet Vaughan brought this suit in equity against Lillie Mae Webber and the Farmers & Merchants' Bank at Des Arc to foreclose an attorney's lien.

It appears from the record that the Modern Woodmen of America issued a beneficiary certificate on the life of George Webber in the sum of $2,000 in which Mark Webber, his father, was named as the beneficiary. Subsequently George Webber married and undertook to transfer the policy to his wife. George Webber died, and the insurance association paid the amount of the policy to Mark Webber. Lillie Mae Webber employed Emmet Vaughan to bring suit against Mark Webber for $2,000, the amount of the policy.

The case was tried in the circuit court and Vaughan secured a verdict for $2,000 in favor of the widow. Subsequently Mark Webber satisfied the judgment against him in the favor of the widow by the payment thereof. The payment was made by a check which was deposited in the Farmers & Merchants' Bank at Des Arc, Ark.

Vaughan brought this suit in equity against Lillie Mae Webber to recover his fee and to have the same declared a lien upon the fund recovered. An equitable garnishment was issued and served upon the Farmers & Merchants' Bank at Des Arc, Ark.

Upon motion of Lillie Mae Webber the case was transferred to the circuit court. Vaughan objected to the transfer of the case, and duly saved his exceptions to the ruling of the chancery court in transferring it to the circuit court.

The case was tried before a jury in the circuit court and a verdict was returned in favor of Vaughan for $200. Lillie Mae Webber died about a week before the trial, and

the case was revived in the name of Robert Hill as special administrator of her estate.

According to the testimony of the plaintiff Vaughan, he made a contract on a contingent basis with Lillie Mae Webber to sue Mark Webber for the $2,000 received by him on the benefit certificate on the life of George Webber. Vaughan was to pay all the expenses of the litigation and was to receive one-half of the amount recovered as his attorney's fee. He spent between $100 and $150 in preparing the case for trial. He did a good deal of work in preparing the case for trial and in trying it. He recovered the full amount sued for, and one-half of that amount was a reasonable contingent fee.

Two other attorneys testified that such a fee was a reasonable one.

According to the evidence adduced in favor of the defendant, Vaughan was only to receive 10% of the amount recovered, which was $200.

As we have already stated, the jury returned a verdict in favor of Vaughan for this amount, and he has duly prosecuted an appeal to this court from the judgment rendered.

*Gregory & Holtzendorff,* for appellant.

The court erred in transferring the cause to the circuit court. The chancery court has jurisdiction to enforce a lien in favor of an attorney upon land of his client recovered by him. 85 Ark. 101; 28 Ark. 385; 37 Ark. 86; 33 Ark. 233. The court lost jurisdiction of the cause upon lapse of the term. 92 Ark. 388. The question of jurisdiction of the chancery court to enforce a statutory lien of an attorney for his fees was upheld by this court. 133 Ark. 430; 85 Ark. 101.

*F. E. Brown,* for appellee.

The chancellor did not err in transferring the cause to the circuit court. 44 Ark. 478. The appellant had no interest in the judgment, had only a lien upon it, and Lillie Mae Webber had a right to collect the judgment and satisfy the record. 120 Ark. 389; 117 Ark. 504.

The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount involved; but a jury trial may be waived by the parties in the manner prescribed by law. Constitution, art. 2, § 7.

HART, J. (after stating the facts.) It is first earnestly insisted by counsel for the plaintiff that the court erred in transferring the case from the chancery court to the circuit court, and in this contention we think counsel are correct. At the outset it may be stated that the plaintiff duly saved his exceptions to the action of the chancery court in transferring the case to the circuit court. An order transferring a cause from a chancery to a circuit court is not a judgment from which an appeal may be taken. Therefore Vaughan had to wait until final judgment was rendered in the circuit court before he could appeal to this court. *Womack* v. *Connor,* 74 Ark. 352.

Under our statute an attorney has a lien upon his client's cause of action for the percentage of the amount recovered which his contract with his client entitles him to receive, and a statutory liability is thereby created.

The parties to the suit had a right to make a settlement, but the act requires that they shall take into consideration the fact that the attorney has a lien upon the cause of action. The lien created in favor of the attorney is a specific lien on the subject-matter of the controversy, and under the statute it may be enforced in the same court in which the judgment is recovered. *St. L. I. M. & S. R. Co.* v. *Hays & Ward,* 128 Ark. 471.

Although the plaintiff might have enforced his lien by an application to the circuit court in the case in which it arose, this did not exclude the jurisdiction of equity to afford relief. *Gist* v. *Hanly,* 33 Ark. 233, and *Lane* v. *Hallum,* 38 Ark. 385. In the latter case, the court said that the right of the attorneys to resort to a court of equity to enforce their lien was unquestionable.

Hence it will be seen that these remedies are cumulative, and the remedy given by statute in no wise prevents

the attorney from seeking his remedy in a court of equity, which, on account of its more enlarged remedial powers, may be the more appropriate tribunal. This is an application of the well-settled doctrine in this State that, where courts of equity have jurisdiction, they do not lose it by jurisdiction being given by statute to the courts of law. In such cases courts of equity and courts of law exercise concurrent jurisdiction in the premises. For instance: our statute provides for a mechanic's lien and its enforcement in the circuit court. This court has held that chancery courts have concurrent jurisdiction with circuit courts in the enforcement of our mechanic's lien law which is created by statute. *Carr* v. *Hahn & Carter,* 126 Ark. 609.

In the present case the plaintiff elected to bring his suit in equity, as he had a right to do. When a case is brought in a court of competent jurisdiction, the authority and control of that court over the case continues until the matter is disposed of in the appellate court. The principle is essential to the proper and orderly administration of the law. *Dunbar* v. *Bourland,* 88 Ark. 153.

It cannot be said that in any event the chancellor should have found the facts in favor of the defendant, and that therefore no prejudice resulted to the plaintiff from the transfer of the case to the circuit court. Appeals from chancery courts are tried *de novo* in this court, and it is our duty to reverse the decrees of chancery courts where the findings of fact made by a chancellor are against the clear preponderance of the evidence.

On the other hand, this court reviews a judgment from the circuit court for error only, and the finding of fact made by the circuit court is in the nature of a special verdict and must be upheld on appeal if there is any evidence of a substantial character to support such finding.

Therefore the plaintiff, having elected to bring his suit in the chancery court, had a right to have it tried in that court and to be tried *de novo* in this court.

It follows that the chancery court erred in transferring the case to the circuit court, and the judgment will be reversed and the cause remanded, with directions to the circuit court to transfer the case to the chancery court for further proceedings in accordance with principles of equity and not inconsistent with this opinion.