TEAL *v.* THOMPSON.

Opinion delivered October 7, 1929.

*Paul Crumpler,* for appellant.
*Henry Stevens,* for appellee.

BUTLER, J. Plaintiff, Willie Teal, appellant here, filed in the Columbia Chancery Court, on the 5th day of April, 1927, a complaint in which he alleged that he was the owner of certain promissory notes given for the purchase money of forty acres of land in Columbia County, and that the deed executed retained a vendor's lien to secure their payment, the defendant, Needie Thompson, being the maker of them, and the grantee in the deed. The notes were described in the complaint, their dates given, when due, with the allegation that plaintiff had paid the same at the request of the defendant, Needie Thompson. Plaintiff also alleged that in 1921 he had advanced to defendant on three separate occasions money to be applied to the payment by her of her purchase money notes, which sums amounted to $165.70, and that defendant had agreed to apply this to the payment of the notes. He also alleged that he had paid the taxes on the land. Plaintiff prayed for judgment against the defendant for the sums loaned the defendant, and for the amounts expended in the payment of the notes and for the taxes paid, in a total sum of $461.01, with interest, and that he be declared to have a lien upon the land to secure the payment of said judgment *et cetera.*

The defendant answered, denying that plaintiff had paid the notes and that he had paid the same at her request; denied that she had borrowed any money from plaintiff in 1921; denied that he had paid any taxes on the land, or that he had done so at her request; admitted the purchase of the land and the execution of the deed with the notes for the purchase money recited therein, and that a vendor's lien was retained for the payment thereof. Defendant admitted that she had not paid the purchase money notes due November 1, 1924, to and including November 1, 1928, the same being five notes which plaintiff alleged that he had paid at defendant's request. Further answering, defendant pleaded in bar for the debt made in 1921 the statute of limitations.

A motion was filed by the defendant to make the complaint more specific, but no action seems to have

been taken by the court thereon. Proof was taken by the parties, and the cause submitted to the court for its decision. After the submission, and before the court had made its decision, plaintiff became aware that on March 20, 1928, Needie Thompson executed to W. B. Stevens a deed of trust to secure payment of a small indebtedness due Henry Stevens, and that she had executed a deed of trust to Will Rushton, as trustee for Walter Kearney, to secure an indebtedness due by Needie Thompson to Walter Kearney in the sum of $200, and asked that the submission be set aside and that his motion be treated as an amendment to his complaint, and that the said Stevens and Kearney be made parties defendant, and that the cause be continued, *et cetera.*

The motion to withdraw submission and to make Stevens and Kearney parties was denied, and a decree was rendered dismissing the complaint for want of equity.

It appears that the parties to this case are both negroes, Needie Thompson, the defendant, being a resident of Magnolia, Arkansas, and Willie Teal, the plaintiff, living at Homer, Louisiana, about twenty-five miles from Magnolia. These persons had become acquainted about eight years previous to March 9, 1928, the date upon which the deposition of Willie Teal was taken. The testimony adduced on the part of the plaintiff was to the effect that in 1921 he loaned Needie Thompson $165 at different times, which sums she was to apply to the payment of the purchase money notes, and that after this she asked him to pay the notes remaining, which he did. The first note he paid was for $56, with interest at eight per cent. from November 1, 1924, until paid. This note he paid on November 5, 1924, and was indorsed on the back, "Transferred to Willie Teal without recourse to me, November 4, 1925. (Signed) Calvin R. Mower." (Mower was the grantor in the deed to Needie Thompson). Plaintiff also paid the note due November 1, 1925, amounting to $52.80, and this note was indorsed, "Trans-

ferred to Willie Teal without recourse," and bore date of May 9, and was signed, "Calvin R. Mower Estate, by Clarendon Mower, attorney in fact for the executrix." A note for $49.60, due November 1, 1926, one for $46.40, due November 1, 1927, and one for $43.20, due November 1, 1928, all bore indorsements on the back, "Transferred to Willie Teal, without recourse," dated November 4, 1925, and signed by Calvin R. Mower, the last three notes being evidently paid before their maturity. These notes were introduced and filed as exhibits. On several occasions plaintiff demanded payment of these notes, visiting the defendant for that purpose. Plaintiff paid the taxes for the year 1925, in the sum of $4.44, for the year 1926 in the sum of $4.02, for the year 1927 in the sum of $3.95, the total amount for money advanced to plaintiff, money paid on the notes and taxes being $436.71.

The banker who handled these notes testified that they were sent by Calvin R. Mower to the bank for collection, and that with the notes was sent a copy of a letter written defendant, notifying her of the deposit of the note with the bank for collection; that he had had conversations with the defendant regarding the notes and their payment, and that she had told him that plaintiff had paid part of the notes for her; that he took care of the notes for her, and that he had advanced her money to pay off some of the notes. She made no statement as to the number of the notes that plaintiff had paid.

The defendant testified, admitting that she had borrowed money from the plaintiff, as nearly as she could remember, to an amount something like $105, and admitted that a part of the money borrowed was to be used in paying off some of the purchase money notes; that she did take some of the money thus obtained, and with her own paid some of the notes which were then due. She also testified that she had never requested plaintiff to pay the last five notes that were mentioned in his testimony and in his complaint, and that she knew nothing about his paying them; that the conversation she had

with the banker was that she called on him for her notes, and was told that Willie Teal had paid them; that she asked the banker to telephone to Homer to Willie Teal and direct him to send the notes back—that she could take care of them—and that the banker replied that if Willie Teal wanted to pay them off she ought not to worry about it. Defendant also testified that she had never authorized plaintiff to pay any taxes for her; that she had endeavored to make payment herself, but was informed by the collector that the taxes were already paid. She denied that Mr. Mower had ever written her any letters or that plaintiff had ever requested her to repay him the money expended by him in satisfaction of the notes, but that he demanded that she make him a deed to the land.

This was all of the material testimony in the case.

The appellee insists that the complaint was not sufficient to entitle appellant to a declaration of a lien in his favor on the five notes mentioned in his complaint and testimony, not having alleged ownership of the notes in himself or that the vendor's lien retained in the deed and notes was assigned to him. Courts regard substance rather than form, and we are of the opinion that the complaint, taken in connection with the testimony of plaintiff, introduced without objection, fully and fairly presented the issues to the trial court, and neither it nor the defendant could have been deceived in any particular.

The real question in the case, as we see it, is whether or not Willie Teal was a mere volunteer in these transactions, or whether he was acting in behalf of the defendant. Willie Teal and the defendant were both interested parties. One affirmed, and the other denied. Therefore the chancellor might have considered that their testimony was evenly balanced. But there is other testimony in the case tending to show that Willie Teal paid the notes and retained them in his possession, that he secured the indorsements upon them, and these facts support him in his testimony; and he is further corroborated by the tes-

timony of the banker to the effect that defendant told him that Willie Teal would pay the notes for Needie Thompson. We think this is sufficient to outweigh the bare denials of defendant, and that the finding of the chancellor was against the preponderance of the testimony.

The point is made that the indorsements were made at a different time from the date of payment, and that the purported assignments were not sufficiently proved. This is immaterial. The preponderance of the evidence warrants the conclusion that plaintiff paid off the notes at the request of defendant, and his conduct in retaining the notes in his possession manifested an intention to keep the lien alive for his protection. He was therefore entitled to be subrogated to the lien of the vendor, and was entitled to the relief prayed. *Rodman* v. *Sanders,* 44 Ark. 504. The chancellor should have set aside the submission and made the subsequent mortgagees parties to the proceeding. The deeds of trust under which they claimed, having been executed and filed for record pending this case, are inferior to the lien of plaintiff.

The decree of the chancellor is reversed for further proceedings in conformity with the principles of equity, and not inconsistent with this opinion.