WILSON v. SANDERS.

4-9224                                    230 S. W. 2d 19

Opinion delivered May 15, 1950.

*M. A. Matlock,* for appellant.

*E. R. Parham,* for appellee.

GEORGE ROSE SMITH, J. This suit to quiet title to eight lots in Little Rock was brought by the appellee Sanders against the appellants, W. P. and Eunice M. Wilson, and others. At the trial the appellants offered no defense on the merits, their only contention being that the case should be dismissed because another action involving the same cause was pending in the same court. The chancellor rejected this plea and entered a decree quieting title in Sanders.

It appears that in 1946 Wilson paid $75 for a quit-claim deed to these lots. At that time the property had been sold to the State and to three improvement districts for nonpayment of taxes and assessments totaling about $5,000. The owner's time for redemption from one of the districts had expired. In May of 1946 Wilson brought the suit that is now urged as a bar to the present proceeding. The complaint, which was signed by Wilson *pro se,* asserted that the titles acquired by the districts were actually mere liens against the property. The plaintiff did not seek to redeem the property nor offer to pay the delinquencies. The complaint asked the court to determine the interests of all concerned and to order a sale of the lots and a distribution of the proceeds.

Sanders was not a party to that suit, as he had not then acquired any interest in the lots. One defendant, an improvement district, filed an answer disclaiming any title to the lots. A second defendant, the grantee of another district, filed a motion to make the complaint more definite. With no issues having been joined the suit lay dormant for more than three years.

In June of 1949 Sanders brought this action to quiet title. He shows that in March of that year he bought the lots from two of the districts for $2,375. While the suit was pending he acquired the title held by the grantee of the third district and of the State. The chancellor adjudged Sanders' title to be superior to Wilson's and therefore granted the relief prayed.

Sanders advances several grounds for affirmance of the decree. He says first that a plea based upon the

pendency of another action can be sustained only if the plaintiffs and the defendants occupy the same positions in both cases. Since Wilson is the plaintiff in the first case and is the defendant in this one, it is argued that this transposition of the parties is fatal to Wilson's plea in abatement. That, however, is not the law in this State. Our statute refers simply to "another action pending between the same parties for the same cause," without mentioning their respective roles in each case. Ark. Stats., 1947, § 27-1115. We have upheld a plea of this kind when the parties' relative positions in the two cases were reversed. *Board of Directors of St. Francis Levee Dist.* v. *Redditt,* 79 Ark. 154, 95 S. W. 482.

It is also urged by the appellee that the issues in the two cases are not the same. This contention is well taken. What the statute requires is that the two suits be "for the same cause," and our decisions have enforced this requirement. In *Garabaldi* v. *Wright,* 52 Ark. 416, 12 S. W. 875, one partner sued the other for a dissolution of the partnership and a settlement of their affairs. The defendant later sued the plaintiff in a different court for conversion of part of the property involved in the first case. In stressing the need for an identity of issues we said: "If the objects of two suits are different, they may progress at the same time, although the thing about, or in reference to which, they are brought, is the same in each case."

That opinion is controlling here. Wilson's 1946 complaint was designed to obtain a sale upon the theory that liens only were involved. The present complaint sought to quiet Sanders' title upon the theory that the improvement districts had acquired title rather than mere liens. The objects of the two suits are entirely different. Furthermore, this dilatory plea was not the most appropriate remedy available to Wilson. If he really wanted his own case to be tried and was not merely seeking to delay an adjudication on the merits, he was authorized by § 27-1305 to ask that the cases be consolidated on the ground that they were "of like nature or relative to the same question." He did not request such a consolidation;

instead he insisted that Sanders' suit be dismissed because his own distantly related case had been pending for over three years with no apparent effort on his part to bring it to trial. We affirm the chancellor's action in overruling this plea.