DODSON v. ABERCROMBIE.

4-9274 · · 234 S. W. 2d 30

Opinion delivered November 20, 1950.

*Kenneth C. Coffelt,* for appellant.

*McDaniel, Crow & Rolleigh,* for appellee.

ED. F. McFADDIN, Justice. The Chancery Court sustained a demurrer to the complaint and dismissed the suit when plaintiff refused to plead further; the correctness of the ruling on the demurrer is the only question here presented.

Plaintiff, Minnie Dodson, filed suit against defendant, H. L. Abercrombie; and the complaint stated in part:

"She and defendant are resident citizens of Saline County, Arkansas. She is the owner of the following described lands, situated in Saline County, Arkansas, to-wit:" (Then follows detailed description of certain lands.)

"She acquired said property by reason of a quit-claim deed from H. L. Dickinson,[1] said deed being recorded in deed Record Book 53, at page 566, of the deed records of Saline County, Ark. The said H. L. Dickinson acquired said lands from the Salco Sand & Gravel Company when said Company dissolved and liquidated in 1918. Said Dickinson never did record his deed; he lost it. The plaintiff herein represents to the court that said lands were transferred to him (Dickinson) by said company by proper warranty deed and that he lost the deed before it was ever recorded. Plaintiff further alleges that the said Dickinson held said lands continuously for more than seven (7) years and at the time of the conveyance of said lands by Dickinson to her, the said Dickinson was the only lawful owner of the property. The said Salco Sand & Gravel Company was an Arkansas Corporation, organized in 1915 and dissolved in 1918, or thereabouts. The Salco Sand & Gravel Company acquired said lands from Joe Berger, Trustee, and the said Joe Berger had acquired said lands from B. F. Henry and Addie B. Henry, his wife, as shown by deed of conveyance recorded at page 516 of deed Record Book 3, of the deed records of Saline County, Arkansas.

"The defendant, H. L. Abercrombie, is claiming title to said property and the rights to all of the gravel thereon and under by reason of a judgment of the Saline Chancery Court in Case No. .............. wherein Abercrombie was plaintiff and Ed Dodson was defendant. In said case the said H. L. Abercrombie's title to said lands and the gravel thereon and under was confirmed in him as against the said Ed Dodson, but not as against any other person, or

---

[1] In some instances the name is spelled "Dickinson" and in others it is spelled "Dickerson". There is nothing to show a lack of identity.

not as against this plaintiff. The plaintiff alleges that the judgment of this court in favor of H. L. Abercrombie, as alleged, is a cloud upon the title of this plaintiff in and to said property and the gravel thereon and under and that the cloud should be, by decree of this court in this case, removed.''

The complaint further alleged that Abercrombie was about to remove the gravel from the land; and the prayer was, *inter alia,* that the plaintiff's title be quieted and that the defendant be restrained from removing gravel from the land. The defendant's ''demurrer'' reads:

''That the complaint of the Plaintiff does not state facts sufficient to constitute a cause of action, and further states:

''1. That the plaintiff is barred by laches, that the suit was filed by H. L. Abercrombie against Ed Dodson, in August of 1947, and that she testified at said hearing and knew it was a controversy over this particular land.

''2. That she is the wife of Ed Dodson and knew that the court rendered a decree in this case confirming title to this land in H. L. Abercrombie.

''3. She alleges in her complaint that H. L. Dickerson never did record his deed and knew that H. L. Abercrombie had a deed from W. T. Fagan.

''4. She is bound to know that Ed Dodson filed suit against H. L. Abercrombie to set aside the decree claiming said lands by reason of a State Deed.''

As to the paragraphs above, numbered 1 to 4, we point out that each of these was in effect a ''speaking demurrer,'' and, as such, was not permissible under our practice. See *Rider* v. *McElroy,* 194 Ark. 1106, 110 S. W. 2d 492, and *Lawhon* v. *American C. & C. Co.,* 216 Ark. 23, 223 S. W. 2d 806.[2] In the said numbered paragraphs defendant sought to present such matters as laches, estoppel, and *res judicata;* but the rule is well settled

[2] Regarding ''speaking demurrer,'' see, also, 49 C. J. 423 and 21 C. J. 433.

that these matters must appear on the face of the complaint in order to be presented by demurrer. The defendant cannot plead facts and at the same time demur to the complaint. Such is a speaking demurrer. In *Rider* v. *McElroy* (*supra*) the late and beloved Justice FRANK G. SMITH quoted from Ruling Case Law:

" '. . . A demurrer which sets up a ground *dehors* the record, or a ground which, to be sustained, requires reference to facts not appearing on the face of the pleading thus attacked, is said to be "a speaking demurrer," and is bad.' "

We presume that the appellee, in arguing these "speaking" matters in the trial court, stated—just as is done in the brief here—that Minnie Dodson was the wife of Ed Dodson, the appellant in two cases in this Court (*Dodson* v. *Abercrombie*, 212 Ark. 918, 208 S. W. 2d 433; and *Dodson* v. *Abercrombie, ante,* p. 128, 228 S. W. 2d 990); that the present litigation was instituted three days after our opinion was rendered in the second of these cases; that in the prior cases Ed Dodson claimed the title; and that now, in the present case, Minnie Dodson is claiming the title. All these matters may be true, but they go to the merits of the controversy and necessitate the presentation of evidence, since they do not appear on the face of the complaint. It is to meet just such a situation that we have long had our rule preventing a speaking demurrer.

So with paragraphs numbered 1 to 4 of the so-called "demurrer" overruled, for the reasons stated, we come to the one question propounded, that is: did the complaint state a cause of action? Obviously, the answer is yes: Minnie Dodson alleged that she owned and was entitled to the possession of certain definitely described lands; she deraigned her title; she affirmatively pleaded that she had never been a party to any previous litigation with the defendant. In short, she alleged facts sufficient to constitute a cause of action. See Ark. Stats. §§ 34-1401, 34-1411, and 34-1901. See, also, *Brasher* v. *Taylor*, 109 Ark. 281, 159 S. W. 1120. If the defendant thought he

was entitled to any additional information, he could have filed a motion to make more definite and certain. If he thought that equity was without jurisdiction, he could have filed a motion to transfer to law. But on the face of the complaint a cause of action was stated; and that is the test on a demurrer. See *State* v. *Stevenson*, 2 Ark. 260; *Brown* v. *Ark. Central Power Co.*, 174 Ark. 177, 294 S. W. 709; *Watson* v. *Poindexter*, 176 Ark. 1065, 5 S. W. 2d 299; and *Cullins* v. *Webb*, 207 Ark. 407, 180 S. W. 2d 835.

Therefore, we must necessarily reverse the Chancery Court decree and remand the cause with directions to overrule the demurrer.