5-666                                      279 S. W. 2d 557

Opinion delivered May 16, 1955.

[Rehearing denied June 20, 1955.]

*Tilghman E. Dixon,* for appellant.

*James M. McHaney* and *Owens, Ehrman & Mc-Haney,* for appellee.

ROBINSON, J.   Appellant, Jess Askew, filed a suit in the Pulaski Chancery Court against appellee, Murdock Acceptance Corporation, asking that a certain note and mortgage be canceled on the ground that a usurious rate of interest was charged.   The property covered by the mortgage is an automobile.

While the cause was pending in Chancery, Murdock filed a replevin suit in the Circuit Court alleging that, under the terms of the mortgage, the Acceptance Corporation was entitled to immediate possession of the automobile so that the car could be sold to satisfy the mortgage.

Askew demurred to the complaint in the Circuit Court, the demurrer alleging that the Circuit Court does not have jurisdiction for the reason that there is an action pending in Chancery between the same parties and involving the same subject matter.   The demurrer asked that the complaint in the Circuit Court be dismissed, and

that the automobile taken from Askew on the order of replevin issued by the Circuit Court be restored to him. The Circuit Court overruled the demurrer and Askew has appealed.

The pleadings in the Chancery case were made a part of the record in the Circuit Court. This was done by stipulation. However, appellee did not stipulate that such pleadings were admissible but objected on the ground that they were inadmissible in the hearing on the demurrer in the Circuit Court.

The so-called demurrer should have been treated as a motion to dismiss, and when treated as such, the Chancery pleadings were admissible. The record shows that appellant Askew had filed in the Chancery Court a complaint alleging, *inter alia,* that he had borrowed $1,100 on his 1951 Buick automobile, motor number 63655635 (which is the same automobile involved in the replevin suit in the Circuit Court); that he was required to execute a note in the sum of $1,561.68; that he is the actual owner of the automobile; that his sister, Alice R. Askew, as a matter of accommodation signed the note and mortgage given as a security for the loan; that these facts were fully known to the defendant; and that the loan made by the Murdock Acceptance Corporation to him is usurious and void. The complaint further made the sister, Alice R. Askew, a party defendant, and the plaintiff asks that the note and mortgage be cancelled and that the title to the car be vested in him free of all claims of the defendant.

The record further shows that the plaintiff moved that he be allowed to deposit in the registry of the Chancery Court the monthly payments required by the note, and that the payments be held subject to the order of the court. Undoubtedly, Askew's pleading called a ''demurrer'' should have been regarded as a motion to dismiss when viewed in the light of the evidence introduced in support of the pleading. The character and sufficiency of a pleading is to be determined, not by what it is called by the pleader, but by the facts which it sets up. *Ran-*

*dolph* v. *Nichol,* 74 Ark. 93, 84 S. W. 1037. Courts regard substance of pleadings rather than form. *Teal* v. *Thompson,* 180 Ark. 63, 20 S. W. 2d 307.

The issues and the parties in both courts are the same. In the Chancery Court, Askew said he owned a certain Buick automobile; that he borrowed some money on the car, but the lender, Murdock, charged a usurious rate of interest; that the note and mortgage given to secure the loan are void and Murdock is not entitled to collect the debt.

In the Circuit Court, Murdock contended that it held a valid mortgage on the Buick automobile; that the payments on the note securing the mortgage were delinquent; and asked that the Acceptance Corporation be given possession of the automobile so that it could be sold under the terms of the mortgage. (This was the very same mortgage the validity of which was at that time an issue between Murdock and Askew in the case pending in the Chancery Court.)

*Wilson* v. *Sanders,* 217 Ark. 326, 230 S. W. 2d 19, is cited as sustaining the ruling that Murdock can maintain the action in the Circuit Court. But, in the Sanders case, the parties were not the same and the issues were not the same. Moreover, the second suit was filed in the same court where the first suit was pending. In the first suit, Wilson was plaintiff and some Improvement Districts were defendants. During the pendency of the litigation, Sanders acquired some kind of title to the property involved. The Wilson suit had been lying dormant in the Chancery Court for three years; no answer had been filed and no issue joined. There was no showing that a final determination in the suit of Wilson against the Improvement Districts would have concluded the issue between Sanders and Wilson. In the case at bar, the Chancery Court had authority to make whatever orders that were necessary to protect properly the interests of the parties during the pendency of the litigation, and a final determination of that cause could have completely settled the issue raised in the Circuit Court.

Appellee also relies on *Garibaldi* v. *Wright,* 52 Ark. 416, 12 S. W. 875, as sustaining the view that the case could proceed in the Circuit Court although the automobile about which the suits were brought was the same in both cases. In the Garibaldi case, the court held that a conversion suit regarding property which was in litigation in the Chancery Court did not have to be litigated in Chancery. However, subsequent to the Garibaldi case, in *Chicot Lumber Company* v. *Dardell,* 84 Ark. 140, 104 S. W. 1100, it is held that the legal issue of conversion may be adjudicated in equity where the Chancery Court has properly taken jurisdiction for any purpose.

The principle that the Chancery Court, having taken jurisdiction for any purpose, will completely settle the rights of the parties in the subject matter of the controversy is so firmly established that it needs no citations of authority. However, a few of the cases so holding are: *McDonald* v. *Shaw,* 92 Ark. 15, 121 S. W. 935, 28 L. R. A., N. S. 657; *Jarratt* v. *Langston,* 99 Ark. 438, 138 S. W. 1003; *Galloway* v. *Darby,* 105 Ark. 558, 151 S. W. 1014, 44 L. R. A., N. S. 782; *School District No. 36* v. *Gladish,* 111 Ark. 329, 163 S. W. 1194; *Hall* v. *Huff,* 114 Ark. 206, 169 S. W. 792. Also, damages may be allowed. *Evans* v. *Pettus,* 112 Ark. 572, 166 S. W. 955.

Undoubtedly, the Chancery Court had jurisdiction to completely settle the rights of the parties. It being determined beyond any question that the Chancery Court had such jurisdiction, the question that necessarily follows is: did the Circuit Court commit error in assuming jurisdiction in the circumstances?

The appellee cites authorities on the subject of abatement as sustaining the view that the Circuit Court case is not abated by reason of the pendency of the action in Chancery. This is not a question of abatement, but one of comity between courts. In 14 Am. Jur. 435, it is said:

"It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to

the appellate authority, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action. This doctrine is applicable to civil cases, to criminal prosecutions, and to courts-martial. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely."

On page 438 of the same volume, it is said:

*"It simply demands as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, draw to itself the exclusive right to dispose of it for the purposes of its jurisdiction."*

In 14 Am. Jur. 439, it is said:

*"Where the pendency of a suit in one court is relied on to defeat a second suit in another court of concurrent jurisdiction, the identity of the parties, of the case made, and of the relief sought should be such that if the first suit had been decided it could be pleaded in bar as a former adjudication."*

That is exactly the situation we have here. If Askew had prevailed in the Chancery case on his allegation of usury, it could have been pleaded as a complete defense in the Circuit Court in the suit filed there by Murdock.

In 21 C. J. S. 745, it is said:

"Where two actions between the same parties on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains

its jurisdiction and may dispose of the whole controversy, and no court of coordinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results.''

Among the authorities for the text, C. J. S. cites the following cases: *Wasson, Bank Commissioner* v. *Dodge, Chancellor,* 192 Ark. 728, 94 S. W. 2d 720; *Moore* v. *Price,* 189 Ark. 117, 70 S. W. 2d 563; *Davis* v. *Lawhon,* 186 Ark. 51, 52 S. W. 2d 887; *Wright* v. *LeCroy,* 184 Ark. 837, 44 S. W. 2d 355; *Vaughan* v. *Hill,* 154 Ark. 528, 242 S. W. 826. These cases clearly point out that Circuit Courts and Chancery Courts are of equal dignity, and in cases where there is concurrent jurisdiction, the court that first acquires jurisdiction has the right and jurisdiction to conduct the matter to an end without interference by another court of equal dignity.

And, in *Dunbar* v. *Bourland,* 88 Ark. 153, 114 S. W. 467, Mr. Justice HART said:

''While these remedies are concurrent, it must not be understood that concurrent remedies may be pursued concurrently. Mr. Works say: 'Where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgment or decree.' Works on Courts and Their Jurisdiction, § 17.

''Mr. Bailey says: 'In the distribution of powers among courts it frequently happens that jurisdiction of the same subject-matter is given to different courts. Conflict and confusion would inevitably result unless some rule was adopted to prevent or avoid it. Therefore it has been wisely and uniformly determined that whichever court, of those having jurisdiction, first obtains jurisdiction, or, as is sometimes said, possession

of the cause, will retain throughout, to the exclusion of another; and this jurisdiction extends to the execution of the judgment.' 1 Bailey on Jurisdiction, § 77.

"The Supreme Court of the United States says that this proposition is firmly established. 'When a State court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases.' *Harkrader* v. *Wadley,* 172 U. S. 148."

Reversed, with directions to issue orders not inconsistent herewith.

Mr. Justice HOLT dissents; Mr. Justice GEORGE ROSE SMITH concurs.

Chief Justice SEAMSTER not participating.

J. SEABORN HOLT, J., (dissenting). June 30, 1953, Alice R. Askew, sister of appellant, Jess Askew, executed a note in favor of appellee, Murdock Acceptance Corporation, for $1,561.68, in monthly payments, and as security, executed a chattel mortgage on a 1951 Buick automobile, which Alice had purchased about a year earlier, from Little Rock Motor Company. It appears that this original purchase of the car by Alice had been financed by Associated Discount Corporation, and the proceeds from the loan from appellee, Murdock, above, were used to pay off this earlier debt of Alice Askew, and title to the Buick was in her at all times. Jess Askew, as indicated, was not a party to the above note and mortgage.

On November 15, 1954 Jess Askew brought suit against Murdock (Appellee) and his sister, Alice Askew, alleging in effect that the above note and mortgage should be cancelled on the grounds of usury, and title to the Buick car should be vested in him. December 6, 1954 appellant (Askew) filed a motion asking for "an order permitting him to make the payment on the car involved in this action to the Clerk of this Court and that the

Clerk of the Court hold same in the registry of the court during the pendency of this action and that the defendant be restrained from molesting or harassing plaintiff and his sister Alice R. Askew during the pendency of this action (Tr. 14)." The court denied this motion, on the day filed, and also on this same day, Murdock (Appellee) filed in the Pulaski Circuit Court an action in replevin against Jess Askew to gain summary possession of the Buick auto. Alice Askew was not made a party in this suit but she was a party to the usury suit filed by Jess Askew. Appellee, Murdock, in his complaint alleged: "On or about June 30, 1953, Alice R. Askew executed a note in favor of the plaintiff in the sum of One Thousand Five Hundred Sixty-one and 68/100 Dollars ($1,561.68), payable in twenty-four (24) monthly installments of Sixty-five and 07/100 Dollars ($65.07) each. Said note was secured by a chattel mortgage of the same date conveying to plaintiff a 1951 Buick, two door sedan, motor number 63655635, a certified copy of which is attached hereto and made a part hereof. The said Alice R. Askew was, at the time of execution of the aforesaid mortgage, the registered owner of said automobile, same having been purchased by her from Little Rock Motor Company in March, 1952. The proceeds of the aforesaid loan were used, exclusively, to pay off an indebtedness of the said Alice R. Askew to Associated Discounts Corporation of Little Rock, which said indebtedness was incurred as a result of the purchase of the aforesaid automobile by the said Alice R. Askew.

"The said Alice R. Askew is indebted to plaintiff on said note and chattel mortgage in the sum of Five Hundred Eighty-five and 63/100 Dollars ($585.63), which is now due and unpaid, and, although demand has been made therefor, payment has been refused.

"The property is of the value of Five Hundred Eighty-five and 63-100 Dollars ($585.63).

"The plaintiff is entitled to the immediate possession of said automobile by reason of the aforesaid default, said automobile is now in the possession of

defendant, the brother of Alice R. Askew, and is unlawfully detained by him under a false claim of ownership. Said Alice R. Askew has consented that the plaintiff may have possession of said automobile but the defendant refuses to surrender same . . ."

Murdock posted the statutory bond, the replevin writ was issued, and the car delivered to Murdock. Thereafter, Jess Askew filed a demurrer alleging that:

## "DEMURRER

"Comes the defendant, Jess Askew, and for his demurrer to the complaint of the plaintiff herein, states:

"That this court does not have jurisdiction of this cause of action for the reason that there is another action pending between the same parties for the same cause and same subject matter, said action is pending in the Chancery Court of Pulaski County by the style of JESS ASKEW vs. MURDOCK ACCEPTANCE CORPORATION, NO. 101309, said suit being filed and summons issued on November 15, 1954, that in said suit the title to the car involved in this action and the right of possession to same is involved and can be fully determined in the Chancery Court in the suit pending therein.

"That this court should dismiss the complaint of the plaintiff and should order plaintiff to immediately restore said car to the possession of defendant. . ."

The court overruled the demurrer, whereupon appellant (Askew) refused to plead further and the court then entered judgment for Murdock for possession of the car and Murdock together with its surety were discharged from liability under the replevin bond. This appeal followed.

For reversal appellant stoutly contends that: "The Circuit Court erred in overruling the demurrer of the defendant and in rendering judgment against the defendant because the Circuit Court did not have jurisdiction of this cause of action for the reason that there was and is another action pending in the Chancery Court of

Pulaski County between the same parties for the same cause and involving the same subject matter, prior to and still pending at the time this action was filed in the Circuit Court of Pulaski County.''

I think this contention is untenable in the circumstances. Our rule is that a complaint is subject to demurrer only for defects apparent on its face. § 27-1115, Ark. Stats. 1947, provides:

''Demurrer to complaint—Grounds.—The defendant may demur to the complaint where it appears on its face, either:

''First. That the court has no jurisdiction of the person of the defendant, or the subject of the action; or, Second. That the plaintiff has not legal capacity to sue; or, Third. That there is another action pending between the same parties for the same cause; or, Fourth. That there is a defect of parties, plaintiff or defendant; or, Fifth. That the complaint does not state facts sufficient to constitute a cause of action. (Civil Code, § 111; C. & M. Dig., § 1189; Pope's Dig., § 1411.)'' Ordinarily jurisdiction in the statutory action of replevin is in the circuit court, (§ 34-2101, et seq., Ark. Stats.). Here on the face of appellee's complaint I find none of the above grounds that would support a demurrer. The parties in the usury suit (equity) and those in the replevin suit (law) are not the same. Alice Askew was a party to the former suit but was not a party in the latter. In the replevin suit default in monthly payments by Alice Askew under the terms of the note and mortgage which she alone signed was alleged, and this default, if true, gave appellee the right to summary possession of the Buick car in a court of law. What we said in the recent case of *Wilson* v. *Sanders,* 217 Ark. 326, 230 S. W. 2d 19, relating to the above statute (§ 27-1115, Ark. Stats. 1947), applies with equal force here. ''It is also urged by the appellee that the issues in the two cases are not the same. This contention is well taken. What the statute requires is that the two suits be 'for the same cause,' and our decisions have enforced this requirement. In *Garabaldi*

v. *Wright,* 52 Ark. 416, 12 S. W. 875 one partner sued the other for a dissolution of the partnership and a settlement of their affairs. The defendant later sued the plaintiff in a different court for conversion of part of the property involved in the first case. In stressing the need for an identity of issues we said: 'If the objects of two suits are different, they may progress at the same time, although the thing about, or in reference to which, they are brought, is the same in each case.' "

The general rule is stated in 1 Am. Jur., § 30, Page 37: "It does not necessarily follow from the mere fact that the same property is in controversy in both actions or that the same right or title is involved, that the prior action can be pleaded in abatement of the second one; it is necessary that the cause of action be the same in **both suits."**

Appellant refused to plead further and elected to stand on his demurrer, which was in effect a speaking demurrer. *Dodson* v. *Abercrombie,* 218 Ark. 50, 234 S. W. 2d 30. He made no motion to transfer to equity. "Under the code of practice, if a party commit an error in the kind of proceedings adopted, he may change and have the same transferred to the proper docket, either before answer filed, without motion, or after, on motion; but the court is not bound to make the transfer unless asked to do so by the party desiring it." *Berry, Adm'x, et al.* v. *Hardin, et al.,* 28 Ark. 458, Headnote 2.

I would affirm the judgment.